THE BOARD OF SCHOOL DIRECTORS OF THE TOWN OF EAGLE RIVER, Appellant, vs. SCHOOL DISTRICT No. 1 OF THE TOWN OF MERRILL, Respondent.

*February 23 — March 22, 1892.*

*School districts: Division: Apportionment of assets.*

Under sec. 2, ch. 334, Laws of 1885, when territory is detached from one school district and annexed to another, the latter is entitled to receive its just share of the credits of the former,— including the value of its school-houses and an uncollected school tax theretofore levied on all the property of the district including that in the portion detached,— less its existing debts and liabilities; and it is immaterial that the territory detached contains neither school-houses nor inhabitants. PINNEY, J., dissents.

APPEAL from the Circuit Court for *Lincoln* County.

This action was commenced March 14, 1891, to recover $2,277.45, with interest, as the alleged surplus of credits and assets over liabilities existing January 1, 1887, at which time the plaintiff was created out of a portion of the original territory constituting the defendant district. The complaint is in the proper form. The answer is a general denial, except as to corporate character.

A trial was had by and before the court, and the judge

made and filed his findings of fact and conclusions of law, by which, among other things, he found, in effect, that January 1, 1887, by virtue of ch. 411, Laws of 1885, the territory of the defendant was divided and fifty-six per cent. of the value thereof was annexed to the plaintiff town, then organized for school purposes under the township system; that the territory so detached had neither inhabitants nor school-houses; that at the time of such division there remained in the defendant district all the school-houses, of the value of $1,850, and also there was on the tax-roll for 1886, and then in process of collection, and afterwards collected thereon, a school tax to the amount of $1,930, which the defendant retained; that said tax was levied and voted at the annual meeting in 1886, for the sole purpose of carrying on and maintaining its schools for the year commencing July 1, 1886, and the same was duly charged upon and against all the property of the defendant in December, 1886.; that January 1, 1887, the defendant had no money on hand, but had debts to the amount of $164; that the defendant regularly carried on its schools during the whole fiscal year beginning July 1, 1886, and reasonably expended in carrying on and maintaining the same, from January 1, 1887, to July 5, 1887, $1,210.97. And as conclusions of law the court found, in effect, that the plaintiff was not entitled to recover from the defendant any portion of the value of said school-houses, nor any portion of the said sum of $1,930, and that the defendant was entitled to judgment dismissing the complaint; and the same was ordered accordingly. From the judgment entered thereon the plaintiff appeals.

For the appellant there were separate briefs by *A. W. Shelton*, attorney, and *Levi J. Billings*, of counsel, and oral argument by *Mr. Shelton*.

For the respondent the cause was submitted on the brief of *Henry C. Hetzel*.

School Directors of Eagle River vs. School District No. 1 of Merrill.

CASSODAY, J. The facts in this case bring it squarely within the same statutes and the same principles of law announced in the opinion filed herewith in the case of *Board of School Directors of the Town of Pelican v. Board of School Directors of the Town of Rock Falls, ante,* p. 428. For the reasons given in that opinion we must hold that the plaintiff is entitled to recover from the defendant fifty-six per cent. of the credits and assets belonging to the latter at the time of the division, January 1, 1887, consisting of school-houses of the value of $1,850, and the uncollected school tax then on the tax roll and in process of collection, and afterwards collected thereon, to the amount of $1,930,— making in all $3,780,— less the debts and liabilities existing against the defendant at the time of such division. The court finds that the defendant was indebted to the amount of $164, January 1, 1887, but does not find that that amount comprised all of its indebtedness. The court also finds that the $1,930 mentioned was voted and levied for the sole purpose of carrying on and maintaining its schools for the fiscal year beginning July 1, 1886, and that the defendant carried on its schools during the whole of the fiscal year beginning at the last-mentioned date, but fails to find whether the expense of supporting and maintaining the same prior to January 1, 1887, had at the time of such division been paid for, or was then still an existing liability. If it was unpaid at that time, then the amount of such liability should have been deducted from such credits and assets, as well as the $164 mentioned.

The mere fact that the portion of the territory so detached from the defendant contained no school-house nor inhabitants at the time of such division does not prevent such recovery, for the simple reason that sec. 2, ch. 334, Laws of 1885, makes " the last prior assessment  . . .  the basis in determining " what ratio is to be employed in the

making of such apportionment. The point is that the property in such detached portion contributed its proportionate share to the erection and construction of such school-houses, and also to the school tax on such tax roll; and hence, in so far as the same remained unexpended and not liable for indebtedness incurred prior to January 1, 1887, such tax and school-houses were liable to such apportionment.

The amount of such debts and liabilities not having been definitely determined by the trial court, the same is here left open for such determination and final apportionment by the trial court upon the principles indicated.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

PINNEY, J., dissents, for reasons stated in his dissenting opinion in the case of *Board of School Directors of the Town of Pelican v. Board of School Directors of the Town of Rock Falls, ante,* p. 428.