MORGAN and others, Respondents, vs. SOUTH MILWAUKEE LAKE
VIEW COMPANY, imp., Appellant.

*September 2 — September 20, 1898.*

*Voluntary assignment: Removal of assignee: Equity: Receivers.*

The receiver of an insolvent corporation may maintain an action in
equity to set aside as fraudulent a voluntary assignment made by
the corporation before his appointment, and to remove the assignee,
the remedy given by sec. 1702, R. S. 1878, for the removal of an
assignee in the assignment proceedings, not being exclusive.

APPEAL from an order of the superior court of Milwaukee
county: J. C. LUDWIG, Judge. *Affirmed.*

On the 7th day of February, 1898, defendant corporation,
the *South Milwaukee Lake View Company,* made an assign-
ment for the benefit of its creditors, the papers being filed
as required by law in the office of the clerk of the circuit
court for Milwaukee county. Subsequent to such assign-
ment, on application of plaintiffs, in the action in the supe-
rior court of Milwaukee county, after judgment, a receiver
for the corporation was duly appointed. Thereafter such
receiver commenced an action against the assignee and oth-
ers, in the circuit court, by the service of a summons, and
at or about the same time commenced proceedings before a
court commissioner for a discovery, under sec. 4096, R. S.
1878, to enable him to plead. In the last-mentioned pro-
ceedings it was alleged that the purposes of the action,
among others, were to set aside the assignment as fraudu-
lent, to remove the assignee, to collect dividends paid to
stockholders, and to collect unpaid stock subscriptions. There-
after the corporation moved the superior court in this action
for an order restraining the receiver from proceeding in the
action in the circuit court. The motion was denied, and this
appeal was taken to review the decision to that effect.

For the appellant there were briefs by *McElroy & Esch-weiler*, and oral argument by *Moritz Wittig, Jr.*

For the respondents there was a brief by *Edwin F. Van Vechten*, attorney, and *Timlin & Glicksman*, of counsel, and oral argument by *W. H. Timlin*.

MARSHALL, J. It is not contended but that, if an action in equity will lie to remove an assignee, the superior court did not err in refusing to stay the hand of its receiver. Surely, if the suit sought to be restrained were proper or there was a reasonable doubt about the question, it cannot be said there was any abuse of discretion on the part of the trial court in permitting its receiver to proceed. Appellant's motion was an appeal to the discretionary power of the court to stay its officer upon the ground that he was attempting something so clearly beyond the power of the circuit court to grant and prejudicial to the estate he was appointed to collect, guard, and distribute, that it was the duty of the appointing court to prevent the wrong, and on that theory the motion was properly made and should have been granted if the grounds on which it was based are sound. Obviously, the court should not permit its receiver to institute an action in a court having clearly no jurisdiction of the subject thereof; so, whether the proceeding instituted by bill in equity in the circuit court was clearly beyond its jurisdiction, is the turning point. That must be answered in the affirmative, appellant contends, because by statute (sec. 1702, R. S. 1878) there is a remedy given in the assignment proceeding for the removal of an assignee, and that is exclusive. The statutory remedy is only available to a person who is a party to the assignment proceedings. It is a well-settled rule that where a new remedy is given by statute, other than to enforce a new right, it is cumulative unless there is something in the law conferring it clearly indicating the contrary. *Goodrich v. Milwaukee*, 24 Wis. 422; *Arnet v. Milwaukee M. M. Ins.*

*Co.* 22 Wis. 516; 20 Am. & Eng. Ency. of Law, 974. The right to remove an assignee or other trustee for misconduct or incompetence, or other cause, and to appoint a new one or a receiver in his place if necessary, has long been one of the well-recognized subjects of equity jurisprudence, and has often been resorted to in the courts of this state, as is amply shown by cases cited by respondents' counsel. *Geisse v. Beall,* 3 Wis. 367; *Puzey v. Senier,* 9 Wis. 370. The doctrine is so elementary that it is merely stated by text writers without discussion or citation of authority. Burrill, Assignments, § 453.

The foregoing leaves nothing more that need be said. The result is that the order appealed from should be affirmed.

*By the Court.*— So ordered.