The Town of Winneconne vs. The Village of Winneconne.

*By the Court.*— Judgment affirmed.

The Town of Winneconne, Appellant, vs. The Village of Winneconne, Respondent.

*May 21 — June 20, 1901.*

*Villages: Invalid organization: Curative act: General law: Retrospective act: Liability for debts: Constitutional law.*

By ch. 5, Laws of 1897, all villages theretofore attempted to be incorporated under certain void statutes are declared to be and to have been duly incorporated, and to have all the powers of duly incorporated villages, and all duties, obligations, and liabilities assumed

The Town of Winneconne vs. The Village of Winneconne.

by any of said villages, and all causes of action existing against them, are declared valid and efficient to the extent that the same would have been of force had their organizations been regular and the acts under which they were organized valid. *Held:*

(1) The act, being applicable to a class, is a general law.

(2) The language declaring the villages *to have been* duly incorporated is ineffective, so far as it is retrospective or purports to declare the attempted incorporation valid *ab initio.*

(3) The act is an exercise of the power of the legislature, under sec. 3, art. XI, Const., to create municipal corporations; and it was competent for it to provide, as a part of the act of creation, that they should pay the just debts and obligations supposed to have been duly incurred by the voluntary and unauthorized organizations to whose property they succeed.

APPEAL from an order of the circuit court for Winnebago county: GEORGE W. BURNELL, Circuit Judge. *Reversed.*

This action was commenced May 20, 1900, to recover certain license moneys alleged to have been collected by the village during the years 1894 and 1695, under the same circumstances, except as to the time, as are set forth in the action under the same title as above, which is decided herewith, *ante,* p. 10. The complaint in the present action, in addition to allegations substantially the same as those in the immediately preceding action, set forth at length the facts as to the attempted incorporation of the defendant village, and also pleaded the passage of ch. 5, and sec. 6 of ch. 287, of the Laws of 1897, as validating acts. The answer pleaded in abatement that the defendant was not an incorporated village when the moneys sued for were collected and the cause of action accrued. A general demurrer to this answer was overruled, and the plaintiff appealed.

For the appellant there was a brief by *Barbers & Beglinger,* and oral argument by *Fred. Beglinger.* As to the validity of the act of 1897, they cited *State ex rel. Clancy v. McGovern,* 100 Wis. 666; *State ex rel. Oblinger v. Spaude,* 37 Minn. 322; Sutherland, Statutory Construction, §§ 483, 484; Sedgwick, Stat. & Const. Law, 170–173; Cooley, Const. Lim.

(5th ed.), *369–*371, *373, *375, *381; *State v. Squires*, 26 Iowa, 340; *Single v. Marathon Co.* 38 Wis. 363.

For the respondent there was a brief by *Bouck & Hilton*, and oral argument by *Gabe Bouck*. They argued, among other things, that the legislature had no authority to confer upon the circuit court the power to incorporate villages. Hence the provisions of ch. 40, R. S. 1878, under which the village of Winneconne was attempted to be incorporated were void, the circuit court had no jurisdiction thereunder, and all its acts in respect to such incorporation were absolutely void, not merely voidable, and could not be validated by any curative law. *Kimball v. Rosendale*, 42 Wis. 412; *Strosser v. Ft. Wayne*, 100 Ind. 443; *Hart v. Henderson*, 17 Mich. 218; Cooley, Const. Lim. (5th ed.), 472; Sedgwick, Stat. & Const. Law (2d ed.), 143; *People v. Goldtree*, 44 Cal. 323.

WINSLOW, J. This case is a companion case to the case of *Winneconne v. Winneconne*, *ante*, p. 10; but, this action having been commenced after the passage of ch. 5, Laws of 1897, the only question presented by the demurrer is as to the effect of that act. So far as applicable to this case, the act in question provides that all villages theretofore attempted to be incorporated under the provisions of ch. 40 of the Revised Statutes of 1878 are declared to be and to have been duly incorporated, and to have all the powers, privileges, and immunities of duly incorporated villages, and all duties, obligations, and liabilities assumed by any of said villages, and all causes of action existing against them, are declared valid and efficient to the same extent that the same would have been of force had their organizations been regular and the acts under which they were organized valid. Doubtless there existed a large number of supposed villages which had been organized under the laws referred to in the act, and hence there can be no doubt but that the act itself, being an act applicable to a class, was, under very familiar

principles, frequently stated by this court, a general law, because applicable to a class.

It may be at once admitted that the legislature could not validate the orders by which such villages as the one in question here were attempted to be incorporated, because there was no constitutional law authorizing such orders in existence, and the legislature cannot validate or ratify an act which it could not have previously authorized. *Kimball v. Rosendale*, 42 Wis. 407. And hence the language of the act, to the effect that the villages in question are deemed to *have been* duly incorporated, may be admitted to be ineffective, so far as it is retrospective or purports to declare that the incorporation is to be deemed valid *ab initio*.

But there is another consideration which seems decisive of the present case. The legislature has plenary power to provide for the organization of cities and villages by general law. Const. art. XI, sec. 3. It may, in the exercise of such power, attach such conditions or obligations to the grant of municipal powers and privileges as it sees fit, and may compel the recognition and assumption of obligations not binding in law, but which are just and equitable in their character. *Guthrie v. Territory ex rel. Losey*, 1 Okl. 188, 21 L. R. A. 841. It is to be noted that this is not the case of an attempt by the legislature to *compel existing* municipal corporations to pay obligations and levy taxes against their will. *State ex rel. McCurdy v. Tappan*, 29 Wis. 664. The law in question is a law which, in substance, creates municipal corporations where there were none before, and which, as a part of the act of creation, provides that they shall pay certain obligations supposed to have been duly incurred by the voluntary and unauthorized bodies to whose property they succeed. The assumption of the obligations is simply a condition attached to their corporate existence. It is not necessary for us to enter into any discussion of the vexed question as to the power of the legislature to compel an existing municipal corporation to pay obligations not

previously binding upon it. This question has received attention in *Hasbrouck v. Milwaukee*, 13 Wis. 42, and *State ex rel. McCurdy v. Tappan*, *supra*. There was no corporation prior to the act. The legislature created one, and by the same act endowed it with the property and property rights of a pre-existing voluntary organization, and required it to pay the just debts and obligations of that organization. We can see no objection, from any point of view, to this legislation. It seems to us simply the exercise of the undoubted power of the legislature to create municipal corporations. It is quite analogous to the power, which is frequently exercised, of apportioning the property and liabilities of a vacated town among the towns to which its territory is attached (*Knight v. Ashland*, 61 Wis. 233); or the power of apportioning the property and liabilities of an existing county upon the creation of a new county from a part of its territory (*Land, L. & L. Co. v. Oneida Co.* 83 Wis. 649). No vested rights have been interfered with. Corporations have been created by the legislature burdened with the payment of certain claims. That this act was within the power of the legislature we can entertain no doubt.

*By the Court.*— Order reversed, and cause remanded with directions to sustain the demurrer.