TOWN OF MILWAUKEE, Respondent, vs. COUNTY OF MILWAUKEE, Appellant.

*April 22—May 13, 1902.*

*Villages: Invalid organization cured: Double collection of taxes by county: Recovery by town.*

A village organized under an invalid statute borrowed money from the state trust funds. Afterwards it was by law made a village and charged with the obligation to repay the money. A tax covering an instalment of the debt was collected twice by the county,—once from the village and once from the town in which the village was situated; but only the amount of the tax was paid over to the state. *Held*, that the amount retained by the county belonged to the town, and might be recovered by it.

APPEAL from a judgment of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

This is an action for money had and received. It was commenced by the filing of a claim by the plaintiff with the county board of the defendant, claiming to recover the sum of $525. The claim was disallowed by the county board, and the plaintiff appealed to the circuit court. Trial by jury was waived, and the action was tried by the court. The facts material to the case were substantially undisputed, and were as follows:

In 1892 the village of Whitefish Bay was organized under the provisions of ch. 40, R. S. 1878, being composed of territory within the limits of the town of Milwaukee. No vote was ever taken upon the question whether such village should become an independent organization for the purposes of taxation, as provided by ch. 341, Laws of 1889, but immediately upon organization of the village an assessor was elected, and the village proceeded to collect its own taxes, and continued so to do until the year 1896. During this period the county officers treated the village as a separate taxing district, and the county clerk certified its proportion of state and county taxes directly to the village authorities for collection. At some time during this period the village made a loan of the state trust funds of a considerable sum for school purposes, the entire amount not being shown by the evidence. One instalment of that loan, amounting to $525, fell due in the year 1896, and should have been collected in the tax roll of that year. The secretary of state certified this sum to the county clerk as due, and to be collected of the village, with its proportion of state taxes. The county board, in its equalization of taxable property of the county for the year 1896, made a separate valuation of the village and the town property, and described the same as follows: "That part of the town of Milwaukee not included in the village of Whitefish Bay, $1,576,564," and "that part of the town of Milwau-

kee included in the village of Whitefish Bay, $187,500."
The county clerk apportioned the state and county taxes in
due proportion against these two valuations, and added the
sum of $525 to the item covering the village property, and
the apportionment was approved.   The county clerk, how-
ever, certified no taxes to the village clerk, but sent both ap-
portionments to the town clerk of the town of *Milwaukee,*
manifestly on the theory that there was no legal village of
Whitefish Bay, on account of a decision of this court (*In
re North Milwaukee,* 93 Wis. 616, 67 N. W. 1033), which
case was decided June 24, 1896, and in which it was held
that the general law under which the village was incorpo-
rated was unconstitutional.   The town clerk of the plaintiff
town neglected to collect that part of the taxes apportioned
against the village, and only collected and returned the
amount apportioned against the town outside of the village;
hence there were no state or county taxes collected in that
year in the village of Whitefish Bay.   In the year 1897 the
state and county taxes were apportioned to the village in the
same manner as they had been prior to the year 1896, and
the said sum of $525 was also certified and collected from
the village.   In addition thereto the county board relevied
upon the town the unpaid state and county taxes for the
year 1896, together with the $525 in addition to the regular
taxes for 1897, and the same were collected and paid by the
town.·  Thus the sum of $525 has been twice collected, and
the county has remitted to the state only the sum of $525,
and consequently still retains the last sum, and for the re-
covery thereof this action is brought.

Upon these facts the court rendered judgment that the
plaintiff recover said sum, with interest, and the county
appeals.

For the appellant there was a brief by *W. H. Bennett,*
district attorney, and *F. E. McGovern,* assistant district at-
torney, and oral argument by *Mr. McGovern.*   To the point

that, even if the county officers were in error in apportioning and levying these taxes, the town, having voluntarily paid them with full knowledge of the facts, cannot now recover, they cited *Milwaukee v. Whitefish Bay,* 106 Wis. 25–29; *Powell v. St. Croix Co.* 46 Wis. 210; *Parcher v. Marathon Co.* 52 Wis. 337; *Harrison v. Milwaukee,* 49 Wis. 247, 252; *Custin v. Viroqua,* 67 Wis. 314; *Deuster v. Mittag,* 105 Wis. 459; *Raipe v. Gorrell,* 105 Wis. 636.

For the respondent there was a brief by *Timlin, Glicksman & Conway,* and oral argument by *Nathan Glicksman.*

WINSLOW, J. This case seems to be governed by very plain and well-understood principles of law. The organization known as the "Village of Whitefish Bay" borrowed of the state $525. The town of *Milwaukee* did not borrow this sum, nor become liable for its repayment. The county, as the agent of the state, collected this sum twice,—once from the debtor, and once from the town. It has fully paid the state, and still has $525 in its treasury which belongs neither to it nor to the state. To whom does it belong? Plainly to the town. Some confusion seems to have arisen in the minds of the legal advisers of the county (1) because the so-called village of Whitefish Bay in 1896 had not legally become an independent municipality for the purposes of collecting taxes under the provisions of ch. 341, Laws of 1889; and (2) because the law under which the village was organized had been declared unconstitutional by this court, and hence it was not even a *de facto* village. Neither fact cuts any material figure in the case.

Whether taxes are collected by village officers independently, or through the agency of town officers, does not affect the liability of the village to discharge its proper tax burdens and meet its legal obligations. It constitutes simply a difference in the procedure by which the taxes are collected,

and does not make the town liable to discharge the debts of the village.

While the village was not even a *de facto* village, because the law under which it was organized was unconstitutional, still it was made a village by ch. 5, Laws of 1897, and thereby charged with the obligation incurred by the previously existing voluntary organization to which it succeeded. *Winneconne v. Winneconne,* 111 Wis 10, 86 N. W. 589; *S. C.* 111 Wis. 13, 86 N. W. 590. This act was approved and went into effect February 23, 1897, and the debt then became the debt of the legally incorporated village of Whitefish Bay, even conceding that it never was such before. The county then proceeded to collect it twice,—once from the village, which owed it, and once from the town, which did not owe it, and has been enriched by the sum of $525 by the operation. Upon the plainest principles of justice, it is liable to refund the amount which it has been so enriched, and which does not belong to it. Nor does the fact that the county in the year 1897 charged back this sum against the town as delinquent, together with the uncollected state and county taxes of 1896, affect the question. The debt was still primarily the debt of the village alone, and, when in fact paid by the village, the town becomes entitled to a return of its money.

*By the Court.*—Judgment affirmed.