SCHOOL DISTRICT NUMBER NINE, TOWN OF LAKE, Appellant, vs. SCHOOL DISTRICT NUMBER FIVE, TOWN OF LAKE, Respondent.

*May 9—May 29, 1903.*

*Schools and school districts: Division: Property rights: "Property," in statute: "Credits," in statute: Action for money had and received.*

1. A tax voted by a school district before, but the warrant for the collection of which was not required to be delivered into the treasurer's hands until after, the formation of a new district, embracing in part the territory of the original district, is not "property," within the calls of sec. 420, Stats. 1898 (providing that if a new district be formed from another, possessed of a school house, or "entitled to other property," the town board "at the time of forming such new district" shall determine the proportion of the value thereof to which the new district is entitled).

2. A tax voted before, but collected after, the formation of a new school district from another district, all such tax going into the treasury of the old district, is a "credit" of such original district, within the calls of sec. 944, Stats. 1898 (providing that territory detached from any municipality shall receive from the

remaining portion "its just share of the credits" of such municipality).

8. In such case, an action for money had and received to the use of the new district is an appropriate form of action to enforce the liability under said sec. 944.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

This is an action to recover for money had and received. The complaint alleges that the parties to the action are both school districts in the town of Lake, Milwaukee county; that prior to August 28, 1901, the territory of the plaintiff district was a part of the defendant district and of another district in said town, and that on said last-named date the town board created the plaintiff district by an order which, owing to the want of consent of the district officers of the two districts from which plaintiff district was taken, did not go into effect until November 28, 1901; that an appeal was taken from the order dividing the district to the state superintendent of public instruction, who affirmed the action of the town board December 3, 1901; that the plaintiff district was lawfully organized by the election of officers December 21, 1901, and has maintained a school since February 6, 1902; that the defendant district at the annual school meeting July 1, 1901, by a resolution, voted to raise by taxation for school purposes the sum of $3,084 for the ensuing year, which sum was afterwards collected by the proper officers and paid into the defendant's treasury; that the value of the taxable property included within the plaintiff district, and which had been within the defendant district prior to the division, was 39.60 per cent. of the total taxable property of the defendant district as the same existed July 1, 1901, and that the sum of $1,223.97 out of the sum of $3,084 was collected from property within the limits of the plaintiff district, and lawfully belongs to the plaintiff; that proper demand was made for said sum prior to the commencement of this action; and that payment thereof was refused. Trial by jury was waived,

and, after a witness had been sworn for the plaintiff, the defendant objected to the introduction of any testimony under the complaint, on the ground that no cause of action was stated therein, and that the court had no jurisdiction of the subject, which objection was sustained on the ground that the complaint fails to state a cause of action, and leave was granted to the plaintiff to amend its complaint upon terms. The plaintiff, however, elected not to amend the complaint, whereupon the action was dismissed, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Bow & Ferguson,* and for the respondent on that of *Wheeler & Perry.*

WINSLOW, J.    It appears by the complaint in the present case that the plaintiff school district was created August 28, 1901, by an order of the town board which took effect November 28, 1901, and that a part of its territory was taken from the defendant district; that at the annual school meeting of the defendant district held in July, 1901, a tax of $3,084 for school purposes was voted, which sum was afterwards collected in due course, and is in defendant's treasury; that, according to the equalized assessed valuations of the property in the old district before division, the sum of $1,223.97 of said tax was levied upon and collected from property in the plaintiff district; that demand has been made by the proper officers of the new district for the payment of said sum, which has been refused, and the question is whether the same can be recovered in this action.

The respondent's first claim is that the plaintiff's only remedy is under sec. 420, Stats. 1898.    This section provides:

"If a new district be formed in whole or in part from one or more districts possessed of a school house or *entitled to other property,* the town board, at the time of forming such new district, shall determine the proportion of the value of

236     SUPREME COURT OF WISCONSIN.     [MAY

School District No. 9 v. School District No. 5, 118 Wis. 233.

the school house and other property justly due to said new district according to the taxable property of the respective parts of such former district at the time of the division, and such amount of any debt due from the former district which would have been a charge upon the new, had it remained in the former district, shall be deducted from such proportion."

Sec. 421 provides the methods for the collection and payment of the amounts thus found due to the new district by the original district. It will be at once seen that the division of property authorized by this section can only take into account *property* of which the original district is possessed or to which it is entitled *at the time of the forming of the new district*. The new district was doubtless formed on the 28th of August, when the town board took their action, although, owing to the provisions of sec. 419, Id., the order did not go into effect until three months later.

The question whether the tax which was voted at the annual school meeting held July 1st could be considered or taken into account in the division of property authorized by sec. 420 must therefore depend upon the question whether it can be considered as *property* on August 28th. A similar question was before this court in *Herman v. Oconto,* 110 Wis. 660, 86 N. W. 681; and it was there held that taxes which had been levied in a city could not be considered as assets, in determining the net indebtedness of the city, until the tax roll was put in the hands of the collector. It is difficult to see how a thing which cannot be considered as assets can be properly termed property. We think it better to adopt the same rule in the present case as that adopted in the *Herman Case,* and not attempt to draw distinctions where none can reasonably exist. Under the statute the warrant is not required to go into the hands of the town treasurer for collection until the second Monday in December. Sec. 1081, Stats. 1898. Hence, whether the school district be considered as formed on the 28th of August or the 28th of Novem-

ber, this tax which had been voted cannot be considered as property, within the meaning of sec. 420, at the time of the formation of the district. It follows that it could not be divided or considered under the provisions of sec. 420.

Such being the case, the inquiry remains whether there is any statutory provision which authorizes the maintenance of this action. The appellant claims that such a provision is found in sec. 944, Stats. 1898. This section is one of the general provisions relating to municipalities generally, and was evidently passed to provide remedies for cases of territorial division, where for some reason no other specific provision of law exists under which the division of property or the apportionment of indebtedness can be made. This section, among other things, provides:

"The territory detached from any municipality shall receive from the portion thereof remaining its just share of the credits of the municipality and shall be liable to such portion for the excess of such share of the municipal property as is situated within it. Such credits and the value of such property shall be apportioned by ascertaining what ratio the portion detached bears to the territory from which the same has been detached and the last prior equalized assessment shall be the basis of determining the same."

The section further provides that its provisions shall apply to school districts, as well as to counties, towns, cities, and villages. This section seems plainly applicable to the case at bar. The tax which was collected from all the property of the old district and went into its treasury unquestionably became a credit, within the meaning of the section. *School Directors v. School Directors,* 81 Wis. 428, 51 N. W. 871, 52 N. W. 1049. The just share of the new district in such credits would be the amount which its taxable property contributed thereto. The action for money had and received is an appropriate form of action in which to enforce the liability laid down by the section. There being such a remedy by

ordinary action, there is no remedy by *mandamus.* *State ex rel. Worcester v. Nelson,* 105 Wis. 111, 80 N. W. 1105. The demurrer *ore tenus* should have been overruled.

*By the Court.*—Judgment reversed and action remanded for a new trial.