SCHOOL DISTRICT No. 9, TOWN OF LAKE, Respondent, vs. SCHOOL DISTRICT No. 5, TOWN OF LAKE, Appellant.

*November 16—December 13, 1904.*

*Appeal and error: Questions reviewed: Schools and school districts: Contracts: Evidence.*

1. Where a question is not presented by the pleadings, nor litigated on the trial, the refusal of the trial court to determine such question is affirmed.

2. On the trial of the issues raised by a counterclaim, it appeared, among other things, that defendant's officers prepared and signed an instrument embodying the terms of a contract as they claimed it had been agreed upon, but which, when presented to plaintiff's officers, was unqualifiedly rejected upon the ground that no such agreement had been made; that there had been conferences between the officers of the respective parties, where terms had been discussed and settled upon in a provisional way, but that such understanding had not been consummated by the parties entering into a contract. *Held,* that a finding of the trial court that the counterclaim was not supported by evidence was sustained by the record.

APPEAL from a judgment of superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

VOL. 123 — 19

This is an action wherein plaintiff seeks to recover a part of the money raised by taxation for school purposes before the territory of plaintiff district was set off from the territory of defendant district in 1901. The case was before this court on appeal, and is reported in 118 Wis. 233, 95 N. W. 148, where the facts constituting the grounds of complaint are fully stated. The answer admits the facts concerning the formation, of plaintiff district, the raising of the money by taxation before the order creating the plaintiff district went into effect, and the withholding of the money, but denies liability to plaintiff for any part of the same.

After the cause was returned to the trial court, defendant was granted leave to amend its answer by alleging two counterclaims: First, that a large number of children of the plaintiff district, from the time of the separation of the districts, attended the school of defendant, until some time in the month of February, 1902, and that defendant had expenses in excess of those necessarily incurred in providing schools for pupils in its district for this period, and it demands payment therefor; second, defendant alleged that an agreement was duly made between the districts, through their officers, that the school children in plaintiff's district should attend school in defendant's district from the beginning to the end of the school year in 1902, that plaintiff district was to pay therefor a sum stipulated and fixed in the agreement, and that such children did attend the school until the early part of February, 1902, and then, without any fault on defendant's part, refused to longer continue in defendant's school, and that defendant was willing and prepared to have them continue. in its school, and demands recovery for the sum so agreed to be paid.

Plaintiff denied the allegations of the counterclaims. A trial was had before the court without a jury. The court found the fact of the organization of the plaintiff district and all other facts as alleged in the complaint, and awarded

a recovery for the amount demanded. Upon the issues raised by the counterclaims, it found that no liability was established in favor of defendant. Judgment was granted plaintiff for the amount due it, with interest and costs. This is an appeal from such judgment.

For the appellant the cause was submitted on the brief of *Wheeler & Perry*.

For the respondent there was a brief by *Bow & Ferguson,* and oral argument by *O. W. Bow.*

SIEBECKER, J. The trial court found that plaintiff, as an organized district set off from the territory of defendant district, was entitled to recover the amount sued for. On the former appeal to this court, defendant's demurrer to the complaint was overruled, and is reported in 118 Wis. 233, 95 N. W. 148. After the case was returned to the trial court, defendant amended its answer by counterclaiming upon two grounds. By the first counterclaim defendant alleged that it incurred expense in excess of the amount required to maintain its school for the accommodation and instruction of the school children residing within its district, on account of the attendance of children from the plaintiff district at such school from the month of September, 1901, to the month of February, 1902. It appears that most of the children of school age residing in plaintiff district did so attend the defendant's school, but the evidence does not establish that any additional expense was incurred on account thereof. It is contended, however, that since plaintiff district was not separated from defendant and become fully organized as a school district until the month of December, 1901, it is liable for a part of the cost of maintenance of defendant's school; but we find no such claim presented by the pleadings, and no claim of this nature was litigated upon the trial of the case. Under these conditions we think the trial court properly refused to determine this question.

By the second counterclaim it is alleged that the members of the boards of the two districts met, under authority and direction of their respective districts, and agreed that the school children of the plaintiff district should attend the school maintained by defendant for the school year of 1901 and 1902, and that plaintiff should pay one half the expense of its maintenance, which it is alleged amounted to $1,012.50. It is argued that this agreement was consummated between the parties, and that defendant provided for the attendance of plaintiff's school children for the year, and that plaintiff refused to comply with the arrangement after February 4, 1902. An examination of the evidence shows that conferences were had by the members of the respective boards, and that terms for such an agreement were discussed, and were in fact settled upon in a provisional way, but such understanding was not consummated by the parties entering into a contract. It also appears that a written instrument was prepared and signed by defendant's officers, embodying terms which they claimed had been agreed upon, but when it was presented to plaintiff's officers for signature it was unqualifiedly rejected, upon the ground that no such agreement had been made. No further steps were thereafter taken to consummate an arrangement as originally contemplated by the parties. We must hold that the conclusion of the trial court, to the effect that defendant's counterclaims are not supported by the evidence, is sustained by the record.

*By the Court.*—Judgment affirmed.