CONWAY, Appellant, vs. JOINT SCHOOL DISTRICT NUMBER Two and others, Respondents.

*May 16—June 4, 1912.*

*Schools and school districts: Dissolution: Territory attached to other districts: Liability for debts: Remedies: Action by creditor: Parties: Power of district to borrow money for building.*

1. Where a municipal corporation incurs an obligation and is thereafter dissolved and merged in another municipal corporation by transfer of all its property to the latter, such property remains liable upon the obligation; and this rule applies to school districts.

2. Sec. 424, Stats. (1898), which provides that in case of the dissolution of a school district the town board shall dispose of

the property of the district, pay its debts, and distribute the balance of the proceeds as specified, does not furnish an exclusive remedy to a creditor of such school district; and if the town board fails to act and his debt is not paid he has a right to recover by action.

3. Sec. 944, Stats. (1898), apparently relates to a case where territory is taken from one municipal corporation and attached to another without affecting the existence of the former; but at any rate it provides a mere mode of apportionment of property and indebtedness, and furnishes no remedy for the recovery of money, hence does not exclude the remedy by action.

4. Sec. 430, Stats. (1898), does not prohibit a school district from borrowing more than $600 for building or purchasing a school house, but the limitation is upon the amount of tax to be raised for such purpose in any one year.

5. Where a school district borrowed money to aid in erecting a school house, issued a bond therefor payable in five years, with interest payable annually, and provided for its payment by levying a tax on the property of the district, to be annually collected, sufficient to pay the annual interest on said bond and the principal when due; and thereafter, before collection of the first tax levy, such district was dissolved and its territory divided among three other districts, an action was properly brought against said three districts to recover the amount due and to determine the proportion to be paid by each district.

6. In such case each of the three districts is a necessary party to a complete determination of the questions involved.

APPEAL from an order of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Suit to recover from *Joint School District No. 2 of the Towns of Upham and Peck, School District No. 2 of the Town of Upham,* and *School District No. 4 of the Town of Upham,* the overdue interest upon a loan of $800 made by the plaintiff on December 23, 1908, to School District No. 3 of the town of Upham, and to ascertain and fix the amount to be recovered from each defendant. The last named school district was on June 19, 1909, by order of the town board of the town of Upham, in part set over to the defendant *Joint School District No. 2 of the Towns of Upham and Peck,* by a like order

made on October 5, 1909, in part set over to defendant *School District No. 4 of the Town of Upham,* and the remainder set over to defendant *School District No. 2 of the Town of Upham,* thus eliminating said School District No. 3 and attaching the whole thereof as mentioned. From an order sustaining demurrers by the defendant school districts the plaintiff appealed.

For the appellant there was a brief by *Finucane & Conway,* and oral argument by *F. J. Finucane.*

*Geo. W. Latta* and *T. W. Hogan,* for the respondents.

TIMLIN, J. It appears from the complaint that, pursuant to authority conferred upon it by the electors and for the purpose of aiding in the erection of school houses therein, School District No. 3 of the town of Upham on or about December 22, 1908, borrowed $800 from the plaintiff and executed to the latter a bond agreeing to pay him said sum five years thereafter with interest at seven per cent. per annum payable annually. Sec. 475, Stats. (1898). No part of this was paid. At the time of authorizing the loan the electors levied a tax to be annually collected sufficient to pay annual interest on said bond and the principal thereof when such interest and principal came due. Two instalments of interest are due. The debtor school district, within eleven months thereafter and prior to the time when the district clerk was required by sec. 472 to notify the town clerk relative to the amount of taxes raised at the last annual school meeting and the amount to be collected for the annual payment of the loan, was dissolved by reason of the attachment of all its territory to other districts. Sec. 424. These other districts are the three defendants, and each of them succeeded to a fraction of the territory at the time of the loan forming part of School District No. 3. There is no statute keeping School District No. 3 alive after such dissolution, and the plaintiff could not bring

his action against the debtor.  He brings this action against the three districts which have succeeded to the property of the debtor school district, and asks to recover the two instalments of interest overdue and that the amount thereof to be paid by each district be ascertained as a necessary preliminary to such recovery.  By sustaining the demurrer the court below held that this action could not be maintained.  We know not upon what ground, but the respondents here seek to uphold the ruling by pointing to the statutes which they say confer upon the plaintiff another adequate and sufficient remedy.  There is some confusion of thought here.  No statute purports to provide any remedy by which the creditor in such case may recover his money or compel payment thereof.  Statutes exist which provide for the apportionment as hereinafter detailed: But after that apportionment there still remains the enforcement of payment, for which there is no statutory remedy.  In several cases in this court a recovery at law was permitted notwithstanding these statutes.  *School Dist. No. 9 v. School Dist. No. 5,* 118 Wis. 233, 95 N. W. 148; *S. C.* 123 Wis: 289, 101 N. W. 681; *School Directors v. School Dist. No. 1,* 81 Wis. 543, 51 N. W. 874; *School Directors v. School Directors,* 81 Wis. 428, 51 N. W. 871, 52 N. W. 1049.

The principal relief sought by the plaintiff is the recovery of damages.  Ancillary to this he asks to have it ascertained how much is due from each of the defendants.  This latter can hardly be said to be a cause of action, because for this relief alone an action could not be maintained.  In order to ascertain the nature of this preliminary inquiry it is proper to scan the statutes.  The town board has power to alter or unite existing school districts or form new districts.  Sec. 412.  If the district has contracted a debt, it must not be so altered that the debt will exceed five per cent. of the last assessed valuation of the taxable property remaining therein.  Id. This last does not apply to the instant case because District

No. 3 was entirely dissolved. No territory shall be detached from one school district unless by the same order it be attached to another, and a district may be dissolved by attaching all its territory to other districts. Sec. 418. Where a new district is formed in whole or in part from one or more districts possessed of a school house or other property, the proportion of the value of the school house and other property justly due to the new district, according to the taxable property of the respective parts at the time of division, shall be ascertained by the town board, and such amount of any debt due from the former district to any person which would have been a charge upon the new had it remained in the former district shall be deducted from this proportion of the value of the property to which it would otherwise have been entitled. Sec. 420. The part of this last statute to be considered in connection with the instant case is the provision for apportionment on the basis of the value of the taxable property at the time of division. This, it must be understood, refers to the apportionment between the districts and not to the annual levy against the property. This last must, like other taxes, be annually apportioned to the taxable property according to the value found in the tax roll for the year in which the tax is apportioned to the property, levied, and collected. Apportionment to the respective districts is one thing, apportionment by the town clerk on the tax roll against the property of the district which is liable quite another. The town board making such division and apportionment must certify to the district clerk of the district retaining the school house or other property the amount due to the new district. This amount, together with other taxes voted by the electors of the district retaining the school house and the amount to be paid on any debt, must be certified by the school district clerk on or before the third Monday of November in each year to the town clerk, and the latter apportions it against the property

in that school district according to value and places it on the
tax roll. Sec. 472. Whenever a district shall be dissolved
by the town board attaching all its territory to some other
districts, the board is to take charge of the property belong-
ing to the dissolved district at the time of its dissolution and
dispose of the same and apply the proceeds to the discharge
of its debts and pay over the remainder, if any, to the treas-
urer or treasurers of the district or districts to which the
property of the old district has been attached, in proportion to
the valuation of the property attached to each as such valua-
tion appears from the last tax rolls of the respective towns.
Sec. 424. This covers the instant case so far as it describes
a district dissolved by reason of the attachment of all of its
territory to some other district. But the complaint shows in
the instant case that this was accomplished by two orders of
the town board, one made on June 19, 1909, detaching cer-
tain territory from School District No. 3 and annexing the
same to the defendant *Joint School District No. 2,* but leav-
ing the School District No. 3 existing as a school district.
October 5, 1909, by another order, the town board dissolved
District No. 3 by attaching all its territory to the defendants
*District No. 2* and *District No. 4.* The complaint does not
state whether School District No. 3 at either date had any
property, or that the town board took any action toward ap-
portioning property or liabilities. It does state, however, that
the district clerk of School District No. 3 never made any
verified statement in writing to the town clerk showing the
taxes voted for the purpose of paying the bond in suit, and
that District No. 3 was dissolved before the time expired for
such statement to be made, and that no provision has ever
been made for the apportionment of the indebtedness due by
reason of this bond upon the territory liable for the payment
of the same. The town board was therefore without official
knowledge that District No. 3 owed any debt. There has

been no District No. 3 and no district clerk in existence since October 5, 1909. It is impossible to send back the cause for an apportionment by the town board which will comply with the statute. This would seem to bring the case within the rule of *Mount Pleasant v. Beckwith,* 100 U. S. 514, cited with approval in *Washburn W. W. Co. v. Washburn,* 129 Wis. 73, 82, 108 N. W. 194. Where a municipal corporation incurs an obligation and is thereafter dissolved and merged in another municipal corporation by transfer of all its property to the latter, such property remains liable upon this obligation. There is by statute a tax levy provided for against such property and this is to be made when the obligation is incurred. Under our statutes this liability is enforced by the courts against the property received from the debtor corporation through the taxing officer of the corporation to which such territory has been attached and whose duty it is to display the tax upon the tax roll. Secs. 487, 488.

With reference to the foregoing statutes the respondents urge that the apportionment of this liability among the defendants must be made by the town clerk, but they fail to point out any statute imposing that duty upon such clerk except sec. 472, *supra,* which is not applicable to the instant case because the clerk of the debtor district never transmitted to the town clerk any statement or information concerning this debt.

A more serious question arises with reference to whether the remedy under sec. 424 is exclusive, but the plaintiff is here asserting a common-law right to recover for a debt. The omission of the town board to take the steps required by sec. 424 was not brought about by any default for which he is responsible. He was not notified or entitled by statute to notice of the dissolution of the debtor district. Even if he might at this late day compel the town board to convene and dispose of the property, if any, of the debtor district by grant

and apply the proceeds to the payment of his bond so far as necessary, there is nothing to show that that remedy is adequate. It does not appear that the debtor district had any property at the time of its dissolution. In any event this statutory remedy, if it exists, is not exclusive, because the right which the plaintiff asserts to recover his money is not one created by or solely resting upon statute. *Mount Pleasant v. Beckwith, supra; Goodrich v. Milwaukee,* 24 Wis. 422; *Morgan v. South Milwaukee Lake View Co.* 100 Wis. 465, 76 N. W. 354; *Saxville v. Bartlett,* 126 Wis. 655, 105 N. W. 1052; *School Dist. No. 9 v. School Dist. No. 5,* 118 Wis. 233, 95 N. W. 148.

Sec. 944, Stats. (1898), is also relied on by respondents. It is argued that the remedy there given is exclusive. That section appears to cover the instant case so far as it provides that whenever any municipality shall incur any indebtedness by the issue of bonds or municipal obligations the territory embraced within its limits shall remain liable to the payment thereof until such bonds or obligations are fully paid. This statute provides that the word "municipality" as used therein shall be construed to include school districts, but not every part of that section can be applied to the instant case. If any territory shall be set off or taken from such municipality after such indebtedness is incurred and no other provision shall have been made for the apportionment and collection of such indebtedness, it is provided that the county board of the county in which the municipality is situated shall annually apportion to all such territory so set off a *pro rata* portion of the amount of taxes necessary to be raised in such year for the payment of principal and interest. This is to be done in the ratio which the taxable property in such detached territory bears to the taxable property remaining liable to such debt in the municipality from which the territory was detached according to the last assessed valuation of such

property. This contemplates an annual adjustment, and the apportionment in each year is based on the last preceding assessment, while the statutes relating to the division of school districts base the apportionment of property on the one assessment immediately preceding such division. Again, sec. 944 provides that the detached territory shall also receive from the portion remaining its just share of the credits of the municipality and be liable to such remaining portion for the excess of such share of the municipal property as is situated within it. But it further provides that such credits and the value of such property last mentioned shall be apportioned by ascertaining what ratio the portion detached bears to the territory from which the same has been detached, and the last prior equalized assessment shall be the basis for determining the same. What is meant by the words "equalized assessment" is not very clear. That expression is used in the note to sec. 1073 with reference to the ascertainment of the relative value by the county board and also with reference to the action of the board of review. See *Cramer v. Stone*, 38 Wis. 259, and sec. 1060, Stats. (1898). But sec. 944 apparently relates to a case where territory is set off or taken from some municipal corporation and attached to another but the original corporation is still in existence. This section, however, does not purport to furnish any remedy for recovery of money, but merely a mode of apportionment. It would leave the creditor still compelled to resort to the courts to enforce his claim after the apportionment thus made. Several actions for the recovery of money from a municipal corporation without this apportionment have been entertained in this court in which that section was expressly referred to. *School Dist. No. 9 v. School Dist. No. 5*, 118 Wis. 233, 95 N. W. 148; *School Directors v. School Dist. No. 1*, 81 Wis. 543, 51 N. W. 874; *School Directors v. School Directors*, 81 Wis. 428, 51 N. W. 871, 52 N. W. 1049. In this case it is

said that, there being a remedy by ordinary action, there is no remedy by *mandamus.* Upon the whole we are satisfied that this action is properly brought against the defendants.

Respondents make the further point that School District No. 3 had no power to borrow more than $600. This is based upon an incorrect construction of subd. 5 of sec. 430. The provision there found is "that no district containing a population of less than 250 inhabitants shall have power to levy and collect a tax for building, hiring or purchasing a school house of more than $600 in any one year." This limitation is manifestly not upon the whole cost of the school house, but upon the amount of tax to be raised for such purpose in any one year. Sec. 475 required the obligation to be payable in annual instalments and within ten years. At that time these statutes harmonized. Sec. 475 was amended by ch. 172, Laws of 1905, by adding the words "or otherwise," so as to read, "which shall be in annual instalments or otherwise, the last of which shall be payable in not exceeding fifteen years," etc. As the statutes read now, the debt must be collected by instalments of not to exceed $600 in any one year.

It seems to us that the complaint states a good cause of action to recover the money due from the three defendants, and that the preliminary steps of ascertaining from the tax roll next preceding the time of division the proportion to be recovered from each may be taken in such action. No objection on the ground of misjoinder is taken, but in any event each of these defendants is a necessary party to a complete determination of the questions involved herein. Sec. 2603, Stats. (1898).

The order of the circuit court should be reversed.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.