Conway, Respondent, vs. Town of Grand Chute, Appellant.

*December 11, 1915—January 11, 1916.*

*Money paid under unconstitutional law: Recovery: Subscriptions: Failure to comply with conditions: Highways: Improvement: Towns: Liability to repay moneys subscribed.*

1. The rule that relief will not be granted against a mistake of law is not without limitation; and the rule that money paid under an unconstitutional law without any circumstances of compulsion is paid under a mistake of law and is not recoverable, is not applicable to all situations.
2. A gift, donation, or subscription may be made on condition that the donee do some act before the donation will become available, and if there is a refusal to accept the condition the donation may be withdrawn.
3. If in such case payment is made but the condition has not been fulfilled, the amount paid may be recovered.
4. Where, pursuant to sub. 3, sec. 1317m—4, Stats. 1913, and assuming it to be valid, freeholders subscribed and paid into the treasury of a town a certain sum and presented a petition designating the parts of the system of prospective state highways which they wished to have improved, but the town refused to

raise a like amount for that purpose by taxation, and in an action to compel it to do so it was held that said subsection was unconstitutional, the condition upon which the subscriptions were made was never fulfilled, and the money might be recovered.

5. The electors at a town meeting having voted to expend the moneys so subscribed upon the highways designated, the town thereby assumed ownership and control over the fund and rendered itself liable to an action to recover it.

APPEAL from an order of the circuit court for Outagamie county: CHESTER A. FOWLER, Judge. *Affirmed.*

For the appellant there was a brief by *Morgan & Benton,* and oral argument by *John Morgan.*

For the respondent there was a brief by *Julius P. Frank,* attorney, and *Ryan, Cary & Frank,* of counsel, and oral argument by *Julius P. Frank.*

BARNES, J. This is an appeal from an order sustaining a demurrer to an answer as not stating a defense.

Most of the facts necessary to an understanding of the question involved are detailed in *State ex rel. Carey v. Ballard,* 158 Wis. 251 (148 N. W. 1090), at pages 251 to 253 inclusive. In that case, sub. 3 of sec. 1317m—4, Stats. 1913, was held unconstitutional. The plaintiff and others, assuming the statute to be valid, had paid into the town treasury the sum of $4,800 and filed petitions stating the parts of the county system of highways which they desired improved. The town refused to levy a tax to cover its share of the proposed improvements and they were not made. This court held that it was acting within its rights. The various contributors assigned their claims against the town to the plaintiff. The latter filed a claim against the town on March 29, 1915, which was not allowed. On the contrary, the electors at the April, 1915, town meeting voted to expend the moneys on the highways designated in the petitions under the supervision of the town board.

The defendant argues that no cause of action was stated in the complaint (1) because the money was voluntarily paid into the town treasury and hence there can be no recovery, and (2) because no recovery can be had of money paid under an unconstitutional law, and that inasmuch as the demurrer goes back to the first defective pleading, it should have been sustained as a demurrer to the complaint or else the action should have been dismissed.

It is correct as a general proposition to say that relief will not be granted against a mistake of law.    This rule, however, is not without limitation.    *Green Bay & M. C. Co. v. Hewitt,* 62 Wis. 316, 21 N. W. 216, 22 N. W. 588; *Wis. M. & F. Ins. Co. Bank v. Mann,* 100 Wis. 596, 619, 76 N. W. 777; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1.    It is also held that under some circumstances money paid under an unconstitutional law without any circumstances of compulsion is paid under a mistake of law and is not recoverable.    *Van Buren v. Downing,* 41 Wis. 122.    But this rule is not applicable to all situations.    *Milwaukee v. Milwaukee Co.* 114 Wis. 374, 90 N. W. 447.    Neither of the rules of law relied on affects the right of the plaintiff here.    It is well settled that a person desiring to make a gift, donation, or subscription may make it on condition that the donee do some act before the donation becomes available, and that if there is a refusal to accept the condition the donation may be withdrawn.    Numerous cases to this effect are collected in a note in 37 Cyc. 496, and in 45 Cent. Dig. tit. Subscriptions, § 14.    And if payment is made but the condition has not been fulfilled the amount paid may be recovered back.    37 Cyc. 501 and cases cited.    Here the subscribers donated $4,800 for certain specific purposes on condition that the town raise a like amount by taxation. This the town refused to do, and it was decided by this court that it could not be compelled to raise the money because the so-called "force clause" of the 1911 law was void.    The condition on which the subscriptions were based was never ful-

filled, hence the right to recall them existed.  If the town de-
sired to retain the money it should have complied with the
condition.  There are other grounds on which the decision of
the lower court might well be sustained, but the one stated is
deemed sufficient.

Were it not for the action of the electors at the annual
town meeting in April, 1915, we should seriously doubt the
right of the plaintiff to bring any action against the town, be-
cause up to that point there was nothing to show that the
town accepted the subscription or made any claim to the
money and no reason is apparent why plaintiff should not
pursue his remedy against the custodian of the fund.  By its
action taken at the town meeting, however, the town assumed
ownership of and control over the fund by voting to spend it
for town purposes and thus rendered itself liable to an action
to recover it.

*By the Court.*—Order affirmed.