VILLAGE OF NIAGARA, Appellant, vs. TOWN OF NIAGARA, Respondent.

*November 7—December 6, 1932.*

For the appellant there were briefs by *William F. Hoig* of Niagara, attorney, and *Hooper & Hooper* of Oshkosh of counsel, and oral argument by *Mr. Ed. M. Hooper* and *Mr. Hoig.*

For the respondent there was a brief by *Miller & Kuchenberg* of Marinette, and oral argument by *C. F. Kuchenberg.*

NELSON, J.   The trial court concluded that secs. 76.48 to 76.52 of the Wisconsin Statutes then in force provided an exclusive remedy for a municipality aggrieved by the apportionment of a tax certified by the Tax Commission to municipalities in which the property of an interdistrict utility was located.

The plaintiff contends that the conclusion of the trial court is not sound; that the remedy provided by secs. 76.48 to

76.52 is not exclusive, and that in the situation alleged in the complaint the plaintiff had the right to bring an action to recover the taxes collected by the town as moneys had and received by it, upon well established principles applicable to such actions. *Steuerwald v. Richter,* 158 Wis. 597, 149 N. W. 692; *State ex rel. School Directors v. Nelson,* 105 Wis. 111, 80 N. W. 1105; *Milwaukee v. Milwaukee County,* 114 Wis. 374, 90 N. W. 447; *School District No. 9 v. School District No. 5,* 118 Wis. 233, 95 N. W. 148; *Winneconne v. Winneconne,* 122 Wis. 348, 99 N. W. 1055.

The question for decision therefore is, whether secs. 76.48 to 76.52 was an exclusive remedy. So much of said sections as are material to this controversy were as follows:

"76.48 *Tax commission to assess interdistrict utilities.* (1) If the property or business of any such person, company or corporation extends into two or more assessment districts the tax commission shall value and assess all the property of such person, company or corporation, and certify to each assessment district the proportion of the assessed valuation thereof properly belonging to each."

Sec. 76.49 related to reports of persons, companies, or corporations subject to assessment under secs. 76.47 to 76.53.

"76.50 *Judicial review of assessment.* (1) Any person, firm or corporation, or any town, city or village mentioned in section 76.48 claiming to be aggrieved thereby may appeal to the circuit court of Dane county from any assessment or apportionment made by the commission under said section 76.48 and, except as provision is otherwise made by section 76.51 or any other statute, such appeal shall be taken and perfected in the following manner: There shall be filed in the office of the tax commission, within sixty days after the certification of such determination by the commission, a declaration in writing that the town, city or village, naming the same, in whose behalf such appeal is taken appeals to the circuit court of Dane county from such determination, and that such appeal has been authorized by an order or resolu-

tion of the board of supervisors of the town, common council of the city, or trustees of the village in whose behalf such appeal is taken."

"76.52 *Reassessment.* (1) If any tax heretofore or hereafter levied under the provisions of sections 76.47 to 76.53, inclusive, shall be set aside or adjudged invalid, the property may be reassessed and taxed in the same manner as omitted property, and the time when such reassessment may be made shall not begin to run until the final determination of the action in which such tax shall have been contested.

"(2) If in any case after certifying the assessment to any town, city or village clerk as provided in section 76.48, an error is found to have been made in any report, statement or computation used in apportioning any valuation or assessment under sections 76.41 to 76.53, inclusive, the same may be corrected, by adding to or deducting from as the case may be, the valuation to be assigned to any district or districts in any of the three years next following."

It is clear that the statutes mentioned provided two remedies for an aggrieved or injured municipality entitled to an apportionment of taxes levied by the Tax Commission on interdistrict utility companies. In the first place, the aggrieved municipality might appeal to the circuit court for Dane county from an apportionment made by the commission, sec. 76.50 (1), which, if set aside or adjudged invalid, might result in a reassessment and taxation in the same manner as omitted property. Sec. 76.52 (1). In the second place, upon discovery of an error made in any report, statement, or computation used in apportioning any assessment, the same might be corrected by adding to or deducting from, as the case might be, the valuation to be assigned to any district or districts in any of the three years next following. No one could successfully assert that a municipality which was at all diligent in discovering taxable property within its borders was not afforded an ample, full, and efficient remedy, provided it acted within the statutory period of three years,

. Bearing in mind the rule that, as to taxation matters, statutory remedies are not to be construed as exclusive of common-law remedies unless it appears such was the legislative intent (*Schlesinger v. State,* 198 Wis. 381, 223 N. W. 856; *Horlick v. Mount Pleasant,* 161 Wis. 366, 154 N. W. 375; *Field v. Milwaukee,* 161 Wis. 393, 154 N. W. 698), we conclude that the intention of the legislature, as expressed in the statutes hereinbefore mentioned, was to create and provide exclusive remedies.

It has been the declared public policy of this state for many years that omitted property might be placed upon the tax roll at any time within three years after such omission. Sec. 70.44. This law as first enacted (R. S. 1858, ch. 18, sec. 27) applied only to real estate. That law was amended by ch. 50, Laws of 1899, authorizing the reassessment of omitted personal property. Sec. 76.52 (1), hereinbefore quoted, provided for the reassessment of taxes set aside or adjudged invalid "in the same manner as omitted property." Sec. 70.44, as then existing, provided that "real or personal property omitted from assessment in any of the three next previous years unless previously reassessed for the same year or years, shall be entered once additionally for each previous year of such omission," etc. It seems too plain for reasonable controversy that the declared public policy of this state is that property omitted from assessment or taxation must be reassessed within the next three years. Failure to discover and reassess omitted property within three years after its omission would seem to prevent its reassessment after that time. Sec. 76.47, enacted by ch. 530 of the Laws of 1929, is but another declaration by the legislature of the public policy of this state hereinbefore mentioned. That section relates to property assessable by the Tax Commission and omitted from assessment, and provides in part as follows:

"Any property subject to assessment by the tax commission omitted from assessment in any of the three next previous years by mistake or inadvertence unless previously

reassessed for the same year or years, shall be entered by the commission upon its assessment and tax roll once additionally for each year so omitted," etc.

No steps were taken by the village either to appeal from the apportionment of the Tax Commission or to correct its assessment or apportionment prior to the commencement of this action, which was more than three years after the apportionments by the Tax Commission of the taxes assessed against the Peninsular Power Company in 1921, 1922, and 1923. Had the village acted within the time fixed by the statute, a complete remedy would have been afforded it.

The property of Peninsular Power Company which lay within the village but which was not assessed as being in the village was in the nature of omitted property and the assessment and apportionment of the Tax Commission was subject to correction within the statutory period of time. Since the matter was not corrected within the statutory time and since we hold the remedies afforded to the village to be exclusive, we think the trial court was right in sustaining the demurrer.

It could hardly be claimed that if property which is taxable in a village is not discovered by its officers for assessment for taxation purposes but is in fact wrongly assessed by a town which thereafter levies and collects a tax, the village would have a cause of action against the town for money had and received. The remedy of a village in such a case would be to reassess the property as omitted property within such time as reassessments of omitted property are permitted. Failing in this, it would have no right to the taxes collected by the town even though based upon illegal assessments in the first instance. It is the public policy of this state, as to the assessment and taxation of real and personal property and also public utilities, that action as to omitted properties must be taken within three years, and that upon failure so to do the available remedy ceases to have effect and the matter is thereafter at rest.

*By the Court.*—Order affirmed.