City of Milwaukee, Appellant, vs. Wakefield, Executor, Respondent.

*September 9—September 24, 1907.*
*February 3—February 18, 1908.*

*Taxation: Assessment of personal property: Pledged chattels: Person liable for tax: Right to review assessment: Statutes: Construction: Assessment of money and credits: Notice to taxpayers: "Other omission of duty on part of the assessor or said board."*

1. Under sec. 1044, Stats. (Supp. 1906; Laws of 1899, ch. 229, and Laws of 1903, ch. 417), shares of stock of a corporation, pledged as collateral security for the repayment of loans outstanding at the time of their assessment, are properly assessed to the pledgee. The pledgee is the person liable to the municipality for the tax and has his remedy against the pledgor.

2. Under sec. 1061, Stats. (1898), as amended by sec. 2, ch. 284, Laws of 1903 (providing that no person shall be allowed in any action or proceeding to question *the amount* or valuation of personal property assessed to him unless in person or by an agent he shall have first presented his objections to and made full disclosure before the board of review, under oath, of all his personal property liable to assessment in the district and the value thereof, except when prevented from making such presentation

and disclosure by a failure to give the notice required by sec. 1056 or by other omission of duty on the part of the assessor or such board), and sec. 1056 (requiring notice to the taxpayer only when assessed a greater sum by the assessor than the amount shown in his sworn statement), where the only omission of duty claimed by a taxpayer was omission to give the notice required by sec. 1056, the taxpayer cannot question a tax levied in the absence of affirmative showing that he made the statutory sworn statement to the assessor and appeared before the board of review and submitted to examination, and that the assessment on which the tax was levied was greater than the value of the property thus shown, even though it affirmatively appears that the taxpayer had no personal property subject to taxation.

[3. Statements in a former opinion as to the validity of sec. 1061, Stats. (1898), as amended by ch. 284, Laws of 1903, withdrawn, without, however, intimating any opinion upon the question of constitutionality one way or the other.]

4. Sec. 1061, Stats. (1898), as amended by ch. 284, Laws of 1903, is a drastic statute, and should be given no broader scope than its terms with certainty demand.

5. The word "prevented" as used in sec. 1056, Stats. (1898), is not used in its exact sense, and has the meaning stated in the opinion.

6. In order to determine the amount of money and credits (except real-estate mortgages) for which any person should be assessed, sec. 1056, Stats. (1898), provides that the taxpayer "shall be required" by the assessor to make a statement thereof under oath. The preceding clause of the section provides that, in order to determine the amount of personal property other than money or credits for which such person should be assessed, the assessor "may" examine such person under oath as to such property. *Held*, that the difference in the two clauses is not accidental but intentional, that the words "shall be required" are mandatory, placing upon the assessor a statutory duty to require of the taxpayer a statement under oath of the amount of money and credits for which he should be assessed, and, if the assessor fails in such duty, that the situation as to money and credits falls within the clause of sec. 1061, Stats. (1898), as amended by ch. 284, Laws of 1903, providing that the taxpayer may in an action question the *amount* or valuation of personal property assessed to him.

7. In such case, if the assessor fails to perform his statutory duty, the taxpayer is justified in believing that no assessment of money or credits is contemplated, and if, under that belief, he

fails to present himself before the board of review, he is "prevented" from so doing by "other omission of duty on the part of the assessor or of such board," within the calls of sec. 1061, Stats. (1898), as amended by ch. 284, Laws of 1903.

8. In an action attempting to enforce an unpaid personal property tax against the defendant it appeared, among other things, that defendant owned shares of stock in a corporation which he had pledged as collateral for loans; that the assessor had this stock in mind when he made his assessment and intended to cover it by his entry on the assessment roll; and that no notice required by sec. 1056 was given defendant nor was defendant required to make a statement under oath of the money and credits for which he should be assessed. *Held*, that a judgment for defendant was right.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *John T. Kelly,* city attorney, and *Clinton G. Price,* assistant city attorney, of counsel, and oral argument by *Mr. Price.*

For the respondent there was a brief by *Glicksman & Gold,* and oral argument by *Nathan Glicksman.*

The following opinion was filed September 24, 1907:

WINSLOW, J.    This is an action to recover an unpaid personal property tax of $170.12 assessed against the defendant as executor of the estate of George M. Wakefield, deceased, in the year 1904.    There was no material dispute as to the facts.    The assessor assessed against the defendant upon the roll under the heading "Amount of moneys, accounts, bonds, notes, mortgages," the sum of $10,000.    No sworn statement was ever made by the executor as contemplated by sec. 1056, Stats. (Supp. 1906; Laws of 1903, ch. 378), nor was any notice given by the assessor to the defendant of the amount of the assessment under the provisions of the last clause of said section (Laws of 1903, ch. 284).    No change was made in the assessment by the board of review nor did the defendant appear before the board at any time.    As matter of fact

the defendant had no personal property in his hands as executor subject to taxation, except household furniture and jewelry to the amount of $741, unless about 1,900 shares of stock in two Michigan mining corporations owned by the deceased should be held subject to taxation. These shares had all been pledged by the deceased for loans by proper indorsement and delivery, and were held by the pledgees as security for the repayment of such loans at the time the assessment was made. The assessor had these shares of stock in mind when he made the assessment of $10,000 and intended to cover them by the entry on the roll before mentioned. Upon these facts the court adjudged that the plaintiff was only entitled to recover the *pro rata* tax on $741, amounting to $12.60, and the plaintiff appeals.

The defendant is undoubtedly right in his contention that the pledged shares of stock in question must be assessed to the pledgees and could not properly be assessed against himself. This is made entirely certain by sec. 1044, Stats. (Supp. 1906; Laws of 1899, ch. 229, and Laws of 1903, ch. 417). The pledgee is the person liable to the municipality for the tax and has his remedy against the pledgor. Sec. 1044a, Stats. (Supp. 1906; Laws of 1899, ch. 229; Laws of 1903, ch. 417; and Laws of 1905, ch. 508). Were this the only question in the case we should find no difficulty in affirming the judgment, but another statutory provision must be considered. Sec. 1061, Stats. (1898), as amended by sec. 2, ch. 284, Laws of 1903, provides:

"No person shall be allowed in any action or proceeding to question *the amount* or valuation of personal property assessed to him unless in person or by agent he shall have first presented his objections thereto before the board of review of the district in which such assessment was made and in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath, of all his personal property liable to assessment in such district and the value thereof, except when prevented from

making such presentation and disclosure by a failure to give the notice required by sec. 1056 or by other omission of duty on the part of the assessor or of such board."

The validity of this law is not questioned nor is any sound reason for questioning it apparent. Indeed, it has been specifically approved and enforced by this court in the case of *State ex rel. Foster v. Williams,* 123 Wis. 73, 100 N. W. 1052. It does not absolutely prevent the taxpayer from proving, when an action is brought, that he had no personal property subject to taxation, but simply requires that he lay the foundation for such defense by first making his objections before the board of review at a time when the error can be corrected without depleting the public treasury. The task of assessing property is a difficult one at best, and it seems not unreasonable to require the taxpayer, who alone is possessed of accurate knowledge on the subject of his own property, to assist the public officers in their attempt to fairly distribute tax burdens, and to render such assistance at a time when no derangement of public finances can result from the correction of an error if he wishes to contest the assessor's decision in an action subsequently brought. If he does this fully and in good faith he preserves his objections, and may subsequently renew them in an action brought to enforce the tax, otherwise not. The only exceptions to this requirement are when the taxpayer has been "prevented from making such presentation and disclosure by a failure to give the notice required by sec. 1056 or by other omission of duty on the part of the assessor or of such board." The only omission of duty claimed by the defendant here is the omission to give the notice required by sec. 1056; but, as this notice is only required when a taxpayer is assessed a greater sum by the assessor than the amount shown in his sworn statement, and as it affirmatively appears that the defendant had made no such sworn statement, no such notice was required, and the exception does not apply. The assessor assessed against the

defendant the sum of $10,000 as the value of his moneys, accounts, bonds, notes, and mortgages when in fact he had none. The defendant made no sworn statement of his property and did not appear before the board of review. The law says that he shall not be allowed now to dispute either "the *amount* or valuation" of the personal property assessed to him. Language could hardly be plainer.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the plaintiff for the sum of $170.12, with interest at twelve per cent. per annum from January 1, 1905.

A rehearing was granted on the respondent's motion on December 13, 1907, and after a reargument the following opinion was filed February 18, 1908:

WINSLOW, C. J. A rehearing having been granted in this case, the respondent argues that the amendment to sec. 1061, Stats. (1898), contained in sec. 2, ch. 284, Laws of 1903, upon the terms of which the former decision was based, is void because (1) it violates sec. 1 of art. I of the constitution of Wisconsin; (2) it deprives a person of property without due process of law, contrary to the XIVth amendment of the federal constitution; and (3) because it violates sec. 1 of art. VIII of the constitution of Wisconsin, providing that the rule of taxation shall be uniform. We have concluded, upon grounds hereinafter stated, that the respondent in the present case is within the exception created by the last clause of the amendment, and hence it does not become necessary to decide whether the act is unconstitutional or not. For this reason we shall not discuss the constitutional questions urged, and for the same reason we withdraw the part of the former opinion which affirms the validity of the act, without, however, intimating any opinion upon the question of constitutionality one way or the other.

Conceding that the act is constitutional it is at best a drastic one. Taking it as it reads and subject to the exceptions contained in the last clauses, it would be entirely possible for an assessor to make a large assessment of personal property against a taxpayer residing in an assessment district hundreds of miles away and thus create an absolute personal liability against him, without actual notice of any kind and when the taxpayer had in fact no property of any kind in the assessor's district and no reason to suppose that any assessment would be attempted to be made against him in such district. No broader scope should be given to such a law than its terms with certainty demand. If by any reasonable and fair construction of language its provisions may be limited in their application, such a construction should manifestly be adopted.

The legislature clearly made one exception by providing that when the taxpayer is prevented from presenting his objections to the board of review by their failure to give the notice required by sec. 1056, Stats. (1898), as amended by Laws of 1903, ch. 378, sec. 6, the act should not apply. It is plain that the word "prevented" is not used in its exact sense here. A mere failure to give a written notice could not be said to actually prevent a man from appearing before the board of review. Evidently the word is here used as meaning "deterred," although this would scarcely be entirely accurate. The meaning intended, doubtless, was that when the taxpayer had received no written notice, and by reason of that fact had not deemed it necessary to appear before the board, the exception should apply. As said in the former opinion, this exception does not apply to the present case, because the notice prescribed by sec. 1056 is only required to be given to a taxpayer who has made a sworn statement of his moneys and credits, in case the assessor or board propose to assess a greater sum against him on such property than is contained in his statement. But by the concluding clause of

the section the legislature provided a further exception from the act, namely, in a case where the taxpayer is prevented from making his appearance "by other omission of duty on the part of the assessor or of such board." This must be given some meaning, if possible. It contemplates that there may be some other failure of duty on the part of the taxing officers which will naturally have a similar effect in inducing inaction on the part of the taxpayer as the failure to give the notice.

Examining sec. 1056, we find that, in order to determine the amount of money and credits (except real-estate mortgages) for which any person should be assessed, such person "shall be required" by the assessor to make a statement thereof under oath. The words are mandatory. Their mandatory nature is made clear by the immediately preceding clause of the section, which provides that, in order to determine the amount of personal property other than moneys or credits for which any person should be assessed, the assessor "may" examine such person under oath as to such property. The difference in the two clauses is plainly not accidental, but intentional. "May" and "shall" are used advisedly and accurately. While the assessor may use his discretion as to ordinary personal property visible to the eye, the statute says he shall require a sworn statement as to moneys and credits from the person he proposes to assess as possessing such property. When he fails to do this he fails to perform his statutory duty. When the taxpayer is not required to make any such sworn statement he is justified in believing that no assessment of moneys or credits is contemplated to be made against him. If under that belief he fails to present himself before the board of review, is he not, within the meaning of the statute, "prevented" from doing so by omission of duty on the part of the assessor? We think the question admits of but one answer, and that answer in the affirmative. No such statement was required of the

defendant here, and hence he is within the exception, and, having in fact no moneys or credits which could lawfully be assessed against him as executor, the judgment in his favor was right.

*By the Court.*—The former judgment of this court is vacated, and the judgment appealed from is affirmed.

TIMLIN and BASHFORD, JJ., took no part.