HORLICK, Respondent, vs. TOWN OF MOUNT PLEASANT, Appellant.

*September 17—October 5, 1915.*

*Taxation of incomes: Action to recover illegal taxes: Conditions precedent: Appeal to tax commission.*

1. The remedy by appeal to the state tax commission, given by sec. 1087*m*—19, Stats., to a person dissatisfied with any determination of the county board of review in respect to the assessment of his income, is not exclusive nor is such an appeal a condition precedent to the right to maintain an action for the recovery of illegal income taxes paid under protest. Such action may be maintained under sub. (4), sec. 1087*m*—22, and sec. 1164.

2. The legislature having in sec. 1087*m*—18, Stats., expressly provided that the presentation of objections to the county board of review shall be a condition precedent to the right to maintain an action to question any assessment of income, no other conditions should be implied, where neither the situation presented nor the language of the statute unmistakably calls for implied conditions.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Plaintiff for the year 1912 made an income return showing a net income of $53,648.01, upon which sum the assessor of incomes assessed his income tax. The board of review no-

tified him that they proposed to raise the assessment. He appeared before the board through his son and made full disclosure under oath as required by law. The board raised the assessment to $310,699.02 and the plaintiff paid the tax in excess of that upon an income of $53,648.01 under protest, claiming that the board of review had no lawful ground for raising the assessment. In this action, brought under sec. 1164, Stats. 1913, he seeks to recover the illegal excess paid, amounting to $15,731.52. To a complaint setting up these and other facts essential to a recovery the defendant demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action, in that it did not allege that plaintiff took an appeal from the assessment of the board of review to the state tax commission as provided by sec. 1087m—19. From an order overruling the demurrer the defendant appealed.

For the appellant there were briefs by *William W. Storms,* attorney, and the *Attorney General* and *Walter Drew,* dep-.uty attorney general, of counsel, and oral argument by *Mr. Storms* and *Mr. Drew.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *E. C. Mack.*

VINJE, J. The question presented by this appeal is whether an action to recover an illegal income tax paid under protest may be maintained without an appeal having been taken from the assessment of the board of review to the state tax commission as provided in sec. 1087m—19, Stats. Sub. 1 of that section reads:

"Any person dissatisfied with any determination of the county board of review may appeal within twenty days to the state tax commission, to whom a copy of the record of the board shall be certified, together with all evidence or a copy thereof, relating to such assessment."

The defendant contends that the remedy given by this section is exclusive and that a compliance with its provisions is

a condition precedent to the right to maintain any action or proceeding for the recovery of illegal income taxes.

The solution of the question raised depends upon the construction to be given to several sections of the Income Tax Law in addition to the section quoted. Sec. 1087m—18 provides:

"No person subject to assessment by the county assessor shall be allowed in any action or proceeding to question any assessment of income, unless objections thereto shall first have been presented to the county board of review in good faith and full disclosure made under oath of any and all income of such party liable to assessment."

In sub. (4), sec. 1087m—22, it is provided that "All laws not in conflict with the provisions of this act, relating to the assessment, collection and payment of taxes on personal property, the correction of errors in assessment and tax rolls, the compromise or cancellation of illegal taxes and the refund of moneys paid thereon, shall be applicable to the income tax herein provided for."

The substance of the defendant's argument is that the Income Tax Law provides for a complete scheme of taxation, and that such scheme must be followed and exhausted before recourse can be had to the courts; that the remedy given by it is exclusive, and, if not pursued as far as it permits, then a resort to the courts is in conflict with its provisions because it provides a different remedy, namely, in this case, an appeal to the state tax commission instead of an action in court. It is also urged that it was the legislative scheme to vest jurisdiction in the first instance in the commission created to administer the law, to the end that a cheap and speedy remedy could be had and the law harmoniously construed by a single body—the commission—instead of by the different circuit courts of the state. If such was the legislative intent, then it should control the construction to be given the sections quoted and the remedy given by the Income Tax

Law should be held to be exclusive and to be a condition precedent to the right to maintain an action for the recovery of illegal taxes. *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650, 142 N. W. 184.

While it must be conceded that there is much force in the argument of defendant, still we think the legislative language is so certain and explicit upon the subject that no serious doubt can be entertained as to its intent. In sec. 1087m—18 the condition precedent to the right to maintain an action or proceeding to question any assessment of income is specifically stated. Such condition is that the person questioning the assessment must have presented his objections to the board of review in good faith and made a full disclosure under oath of all his income. The legislature having expressly spoken upon the subject of conditions precedent to the right to maintain an action, no other conditions than those named should be implied unless the language or the situation presented is such as to unmistakably call for implied conditions. *Expressio unius est exclusio alterius.* Neither the situation presented nor the language of the statute requires resort to implied conditions precedent. The remedy by action is a well recognized one in this state and is expressly granted by sec. 1164, Stats. 1913. It should not be taken away from the taxpayer except by a clear legislative mandate. *Milwaukee v. Wakefield,* 134 Wis. 462, 113 N. W. 34, 115 N. W. 137.

The appeal to the state tax commission provided for in sec. 1087m—19 is permissive merely. The language of the section contains no intimation that unless it is taken there can be no redress in the courts. In the very preceding section the legislature has spoken on the subject of conditions precedent to the right to maintain an action. If the permissive appeal to the tax commission had been thought to be one, it is strange that no direction to that effect was made when the subject was fresh in the minds of the lawmakers.

Of course the language granting the right of appeal could not be mandatory. If it were it would compel an aggrieved taxpayer to take an appeal whether or not he wanted to further insist upon the objections. This the legislature naturally did not wish to do, so the language used had to be permissive in form and the word "may" suitably expressed the idea. The word "must" was clearly an improper word to use. So no particular force can be given to the mere permissive form of the language used in providing for the appeal. But the fact that no suggestion was made in the language granting it that the appeal was a condition precedent to the right to maintain an action in court is highly significant when it is borne in mind that the section giving the right to appeal follows the one providing for a condition precedent. Such omission must be held to indicate a legislative intent that an action may be maintained without taking an appeal.

*By the Court.*—Order affirmed.