STATE EX REL. BUES, Appellant, vs. PHELPS, County Clerk, and another, Respondents.

*April 7—May 3, 1921.*

*Taxation: Return of taxable income: Board of review: Failure of taxpayer to object to assessment: Full disclosure of income.*

1. Under sec. 1061, Stats., a taxpayer must first appear before the board of review, object to the valuation, and make full disclosure before bringing an action to question the assessment; and under sec. 1087*m*—18 the same rule prevails in the administration of the income tax act. *Westby v. Bekkedal,* 172 Wis. 114, followed.
2. The making of a return of income, although under oath, is not the full disclosure contemplated by the statute and is not conclusive on the board of review; and since the return showed appellant was liable to some assessment, the board had jurisdiction of the person and the subject matter, and he waived his right to bring an action by failing to object and make full disclosure.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Nohl & Nohl* of Milwaukee, and for the respondents on that of the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* first assistant district attorney.

JONES, J.    The appellant filed his petition for a writ of *certiorari* to the county board of review of income tax assessments for Milwaukee county and the assessor of incomes praying that the action of the board and assessor in assessing certain taxes be reversed and set aside.    After preliminary allegations the petitioner set forth that he duly made a full return of all incomes received by himself and wife and minor child for the year 1917, and made a fair disclosure in his return of all such incomes; that such net

total taxable income, after making proper deductions, was $6,425.50; that nevertheless the assessor of incomes, disregarding the report and return so made, assessed the sum of $22,000 as being the income subject to income tax for said year, in addition to the sum of $6,425.50, and that said sum of $22,000 nor any part thereof was in fact the income of petitioner.

It is further alleged that during that year the Great Lakes Dredge & Dock Company was a stock corporation and had issued and declared a stock dividend and petitioner's certificate amounted to $22,000; that the dividend was based on net earnings and surplus of the company existing prior to 1917; that this did not enrich petitioner in any manner nor constitute any income during said year; that his interest in the earnings and surplus was no greater after than before the dividend; that it was not a dividend in fact and not taxable income; that no proof was made before the board of the actual value of said so-called stock dividend; that the assessor and board disregarded the evidence produced and made the assessment the sum of $22,000 in excess of the true amount. It was alleged that the assessment was in violation of sec. 1, art. VIII, of the state constitution, and sec. 1, art. XIV, of the constitution of the United States.

The return to the writ alleges that there was no record or evidence noted in the minutes of the board of review of any appearance in person or by attorney of petitioner. It appears from the return that the board of review gave due notice of their meeting for the purpose of examining the assessment roll and considering complaints and that adjourned meetings were held until September 16th, when the board adjourned *sine die*. Written notice bearing date June 5th was given appellant by the assessor as to the increase of his assessment.

Motion was made to quash the writ on the grounds that no appeal was taken to the tax commission pursuant to sec.

1087$m$—19, Stats., and because the objections named in the writ were not presented to the county board of review, and full disclosure was not made pursuant to sec. 1087$m$—18. The motion was granted. The trial court decided that since the appellant had failed to present to the county board of review any objection to the assessment of his income and had failed to make full disclosure under oath in relation to his income as required by sec. 1087$m$—18 his right to resort to *certiorari* had been lost. The statute is as follows:

"No person subject to assessment by the county assessor shall be allowed in any action or proceeding to question any assessment of income, unless objections thereto shall first have been presented to the county board of review in good faith and full disclosure made under oath of any and all income of such party liable to assessment."

It is argued by appellant's counsel that appellant complied with the statute by making his return in which, as is claimed, he made a full statement under oath of all his income and of proper deductions (sub. 2 (b), sec. 1087$m$—2), and in which he reported the receipt of the stock dividend in question, but made deduction thereof to determine his taxable income. The section above quoted is an essential part of the income tax act. If it was the legislative intent that the board of review is bound to accept the return made on the usual form as a verity, the section of the statute would be mere surplusage. Such a theory is wholly untenable. As will appear from decisions cited in this opinion, it has never been the policy of our statutes or the result of the decisions of this court that the mere statements of the taxpayer, sworn or unsworn, are conclusive on boards of review. Under such a construction of the statute in dealing with persons not very scrupulous who are willing to evade the burdens of taxation, and unfortunately there are such persons, the administration of the taxing laws would be more or less a farce. It is true that when parties avail themselves of the

opportunity the law gives to appear before the board, and when there is undisputed testimony of witnesses to facts showing that the assessment is erroneous, the board should give heed to such evidence and cannot disregard it. In such cases the courts have often given relief.

It seems unnecessary to discuss the question of the binding force of the statute above quoted, since this court has frequently held that under sec. 1061, a statute very similar, a taxpayer must first appear before the board of review and make his objections to the valuation and make full disclosure before he can bring an action to question the assessment. Among numerous cases which might be cited are the following: *Bratton v. Johnson,* 76 Wis. 430, 45 N. W. 412; *Boorman v. Juneau Co.* 76 Wis. 550, 45 N. W. 675; *State ex rel. Foster v. Williams,* 123 Wis. 73, 100 N. W. 1052; *Milwaukee v. Wakefield,* 134 Wis. 462, 113 N. W. 34, 115 N. W. 137.

That the same rule applies in the administration of the income tax act is explicitly declared in *Westby v. Bekkedal,* 172 Wis. 114, 178 N. W. 451. See, also, *Horlick v. Mount Pleasant,* 161 Wis. 366, 154 N. W. 375; *Field v. Milwaukee,* 161 Wis. 393, 154 N. W. 698.

But it is claimed by appellant's counsel that the statute does not apply in this case because, as they allege, the statute purporting to tax stock dividends is unconstitutional and that the assessment of the $22,000 was wholly void. We find some decisions to the effect that, where neither the taxpayer nor his property is within the jurisdiction of the taxing officers except by virtue of an unconstitutional provision of law, no obligation rests on the taxpayer to make objection before bringing suit. *Detroit v. Mackinaw T. Co.* 140 Mich. 174, 103 N. W. 557; *Portsmouth Tp. v. Cranage S. Co.* 148 Mich. 230, 111 N. W. 749. But that is not the situation in the present case. The return of the appellant showed that he was liable to some assessment. The board of review

had jurisdiction of the person and the subject matter.  Under such circumstances, since the board is not concluded by the return made, it is quite possible that a full disclosure might show other taxable income and that such adjustment might be made as would render it unnecessary for the municipality to defend litigation.

The present case is more analogous to that of *Westby v. Bekkedal,* 172 Wis. 114, 178 N. W. 451.  In that case two partnerships, one located in this state and one in New York, were engaged in business together.  Part of their income was derived from property located and business done in this state and part from business without the state.  One of the parties residing in this state made a joint return covering the business of the combined partnership done partly within and partly without the state, and an assessment was made. If there had been an appearance and objection before the board of review and disclosure made, part of the tax would have been properly allocated.  The parties residing outside the state made no such objection and disclosure, and it was held that by reason of the statute under consideration they were estopped to object.

Since we hold that the appellant waived his right to maintain the action by his failure to object and make disclosure as the statute provides, it becomes unnecessary to decide the question of the constitutionality of the statute providing for the assessment and taxation of stock dividends.

*By the Court.*—Judgment affirmed.