SCHLESINGER, Plaintiff, vs. THE STATE, Defendant. [Three cases.]

MCMILLEN, Plaintiff, vs. THE STATE, Defendant.

*February 7—March 5, 1929.*

For the plaintiffs there were briefs by *Fawsett & Shea* of Milwaukee, attorneys, and *Charles F. Fawsett,* of counsel, and oral argument by *Mr. Fawsett.*

For the defendant there were briefs by the *Attorney General, Franklin E. Bump,* assistant attorney general, *George A. Bowman,* district attorney of Milwaukee county, and *Daniel W. Sullivan,* corporation counsel of Milwaukee county, and oral argument by *Mr. Bump* and *Mr. Sullivan.*

Owen, J. Sec. 72.01, Stats. 1921, imposed an inheritance tax upon all gifts made in contemplation of death, and provided that all gifts made within six years prior to the death of the grantor, vendor, or donor "shall be construed to have been made in contemplation of death within the meaning of this section."

Ferdinand Schlesinger died leaving a large estate and having made gifts aggregating more than six million dollars within six years prior to his death. Although contesting the right of the State to impose an inheritance tax upon these gifts, the donees nevertheless paid the tax thereon within eighteen months, under the provisions of sec. 72.06, Stats. Upon an appeal in the proceedings in which the inheritance tax was determined to the supreme court of the United States, that part of sec. 72.01 (3) providing that gifts made within six years prior to death shall be construed to have been made in contemplation of death, was held unconstitutional. *Schlesinger v. Wisconsin,* 270 U. S. 230, 46 Sup. Ct. 260. Thereupon the state treasurer refunded to plaintiffs the amount of the inheritance tax imposed upon such

gifts, under the provisions of sec. 72.08 (3). The amount refunded was the exact excess collected, without interest. These actions were brought to recover the interest.

Upon the argument of the demurrers to the original complaints the question was whether the State was liable for interest upon the excess amounts paid, and it was there held that the State was not liable for interest. (195 Wis. 366, 218 N. W. 440.) Pursuant to permission of the court therein granted, the plaintiffs thereafter filed amended complaints. Such amended complaints did not contain additional allegations sufficiently material to be detailed here, but were sufficient to furnish the plaintiffs with an opportunity to raise questions of law overlooked, or at least not raised, upon the demurrers to the original complaints. They now argue that the exaction of the tax constituted a taking of their property for which they are entitled to the just compensation provided for by the state constitution, which includes interest at the legal rate for the period intermediate the taking and the payment, citing *West v. M., L. S. & W. R. Co.* 56 Wis. 318, 14 N. W. 292; *Sweaney v. U. S.* 62 Wis. 396, 22 N. W. 609; *Velte v. U. S.* 76 Wis. 278, 45 N. W. 119; *Appleton W. W. Co. v. Railroad Comm.* 154 Wis. 121, 142 N. W. 476; *Brooks-Scanlon Corp. v. U. S.* 265 U. S. 106, 44 Sup. Ct. 471; to which may also be added *Seaboard Air Line R. Co. v. U. S.* 261 U. S. 299, 43 Sup. Ct. 354. They also argue that it is a taking of property without due process of law, and that due process of law includes just compensation for property taken.

Plaintiffs thus seek to avail themselves of rights and remedies belonging to the owner of private property taken under the power of eminent domain, whereas their property here, if taken at all, was taken in the exercise of the power of taxation. The power of eminent domain and the power of taxation are separate and distinct powers. The rights of those affected by the exercise of these powers have always

constituted distinct fields in the law, and appropriate rights and remedies in each field have been developed without reference to the other. The universal remedy accorded to the taxpayer from whom excessive or illegal taxes have been exacted is an action in the nature of money had and received, and so eminent an authority on the subject as Judge Cooley says that in such an action interest is recoverable only when expressly allowed by statute. 3 Cooley, Taxation (4th ed.) § 1308. This is also stated as a general rule by 26 Ruling Case Law, p. 455. See, also, cases cited in *Schlesinger v. State,* 195 Wis. 366, 218 N. W. 440. On the other hand, it is generally held that in condemnation proceedings the owner of the property is entitled to just compensation, which includes damages of which lawful interest is a fair measure for the use of the property between the time of the taking and the time of payment. See cases already cited. However, notwithstanding the fact that interest may be recovered in condemnation proceedings, it is held by the supreme court of the United States that interest cannot be recovered in an action on implied contract to recover the value of property arbitrarily appropriated by the government. *U. S. v. North American T. & T. Co.* 253 U. S. 330, 40 Sup. Ct. 518. But in view of the fact that the case is disposed of on other grounds, we pass the discussion of this question with the suggestion that the contention that a taxpayer of whom an illegal tax has been exacted is entitled to the same measure of compensation as one whose property has been taken under condemnation proceedings is, to say the least, novel, and finds support in no case called to our attention.

The foundation of plaintiffs' claims must rest on the proposition that these taxes were involuntarily paid. There is no question that the payment was induced by virtue of the provisions of sec. 72.06, which are as follows:

"If such tax is paid within one year from the accruing thereof, a discount of five per centum shall be allowed and

deducted therefrom. If such tax is not paid within eighteen months from the accruing thereof, interest shall be charged and collected thereon at the rate of ten per centum per annum from the time the tax accrued; unless by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, such tax shall not be determined and paid as herein provided, in which case interest at the rate of six per centum per annum shall be charged upon such tax from the accrual thereof until the cause of such delay is removed, after which ten per centum shall be charged. In all cases when a bond shall be given under the provisions of section 72.09, interest shall be charged at the rate of six per centum from the accrual of the tax, until the date of payment thereof."

The taxes here in question were paid within eighteen months from the accruing thereof, at a time when proceedings for their correct determination were pending in court and in which proceedings the correct amount of the tax due was ultimately determined by a decision of the supreme court of the United States. The only penalty resulting from a failure to pay the taxes at the time they were paid would have been the imposition of interest at the rate of six per centum from the time of the accruing of such taxes until they were paid. *Beck v. State,* 196 Wis. 242, 219 N. W. 197. We there held that taxes paid within one year from the accruing thereof pursuant to the provisions of sec. 72.06 were paid voluntarily. In that case sec. 72.06 was fully discussed, construed, and explained, and we need do no more here than say that that case, in so far as it held that the payment of the taxes was voluntary, controls this case. Although the decision in the *Beck Case* upon the question of voluntary payment was vigorously challenged in the brief in support of the petition for a writ of *certiorari,* the supreme court of the United States denied review. 49 Sup. Ct. 34, 73 Lawy. Ed. 85.

Furthermore, we hold that these actions cannot be maintained because the remedy provided by the inheritance tax

law for the recovery of illegal or excessive inheritance taxes is exclusive. Plaintiffs have had the benefit of that remedy and by the enjoyment thereof their remedy is entirely exhausted. We hold that the remedy is exclusive because, upon a consideration of the entire act, it is plain that the legislature intended to provide a speedy, efficient, and complete remedy which should be exclusive of all other remedies. We understand that a remedy of. this kind is not to be construed as exclusive of common-law remedies unless it appears that such was the legislative intent. *Horlick v. Mount Pleasant,* 161 Wis. 366, 154 N. W. 375; *Field v. Milwaukee,* 161 Wis. 393, 154 N. W. 698. In the first place, this is plainly a state tax. Ninety-two and one-half per cent. of the tax belongs to the State. The enforcement of the tax is committed in large measure to the tax commission. The seven and one-half per cent. retained by the county is an insignificant proportion of the tax, and in many counties does little more than compensate the county for the support of the county agencies used in the enforcement of the law. There is no common-law remedy against the State. The manner in which claims may be enforced against the State under the general statutes is a cumbersome and. protracted remedy. First, the claim must be presented to the legislature, and after its disallowance there an action may be brought in this court. The legislature no doubt considered that one who had paid an excessive or illegal tax was entitled to a speedier, simpler, and more efficient remedy. The amount of the tax is judicially determined in the proceeding conducted for that purpose, and no justiciable issue remains. When a copy of the order determining the tax, with a certificate of the judge attached stating. the amount of the excess due, is filed with the county treasurer, that official is commanded by the statute to refund such excess out of any inheritance tax money in his possession. If the county treasurer does not have sufficient moneys in his possession, the

state treasurer must make the refund. This is not only a complete, adequate, and efficient remedy, but leaves no room for further judicial action, unless it be to compel the treasurers to perform their respective duties. Plainly the legislature intended these provisions to exclude every other remedy against either the state or the county.

It does not seem necessary to consider the case further. We can see no ground upon which the plaintiffs are entitled to interest. In the first place, the payment of the tax was a voluntary payment. They paid it voluntarily under and pursuant to a law which provided an exclusive remedy in case they paid more than the amount of the tax actually due. They knew what their rights would be in case they made an overpayment. They knew that the overpayment would be refunded to them by the state treasurer, or the county treasurer, as the case might be. They knew that the amount which would be refunded would be the amount of such excess without interest. As no element of coercion induced the payment, there was no taking of property on the part of the state or county.

In the former opinion in these cases the following language was used:

"But, for some reason which does not appear from the complaint, the refund made by the county is in each case a few hundred dollars less than the amount retained by the county for its own use. These sums still retained by the county do not belong to the state. They never came into the state treasury. They belong to the county. The county, not the state, must refund these amounts."

It is stated in the brief that the claim is made that this language amounted to a holding by this court that the county of Milwaukee was liable for interest, and we are asked to remove any possible doubt as to what was meant by the language quoted. While a construction of this language is not necessary to a decision of the issues now before us, we deem it proper to say, as it should be perfectly obvious, that

we had no intention of settling or determining issues not before us. It was not intended to do more than to hold that the State was not liable for the unrefunded portion of the taxes held by Milwaukee county.

*By the Court.*—The motions made by the plaintiffs to dismiss these actions are denied. The demurrers to the amended complaints are sustained and the complaints dismissed.