Retelle, Plaintiff, vs. The State, Defendant.

*February 8—March 5, 1929.*

For the plaintiff there was a brief by *Walden & Conway* of Madison, and oral argument by *Edw. J. Walden.*

For the defendant the cause was submitted on the brief of the *Attorney General* and *Suel O. Arnold,* assistant attorney general.

DOERFLER, J.    Sec. 285.01 of the Statutes provides in part:

"It shall be competent for any person deeming himself aggrieved by the refusal of the legislature to allow any just claim against the state to commence an action against the state by filing a complaint, setting forth fully and particularly the nature of such claim, with the clerk of the supreme court either in term time or vacation. . . ."

Sec. 285.03 of the Statutes provides:

"The supreme court shall proceed to hear and determine such action.    If an issue of fact shall be made in such action which the court shall deem necessary to be tried by a jury it shall certify such issue of fact to the circuit court of some county, and such court shall proceed at the next regular term to try the same by a jury as in other cases; and the verdict rendered, together with the papers in the action received from the supreme court, shall be sealed up and returned to the clerk of the supreme court with all convenient speed.    At the request of either party a bill of exceptions may be settled, as in other trials by jury, and returned with the verdict; and thereupon the supreme court may enter judgment thereon or again certify the same question of fact to the same or any other circuit court, to be tried and returned as above

provided, and may grant a new trial of any issue of fact as often as it shall be satisfied that there is good cause therefor. The judgment rendered by the supreme court in such action shall be conclusive and final."

After issue joined, this court entered the following order:

"Ordered that the record herein be transmitted to the Honorable August C. Hoppmann, one of the judges of the circuit court for Dane county, with directions to hear, try, and determine the facts and report the same to this court with all convenient speed."

Pursuant to this order the case was transmitted to the lower court and the issues of fact were submitted to the jury upon a special verdict, with the results above mentioned. The order above referred to did not contemplate a jury trial with respect to the issues of fact, but a trial before the circuit judge, acting as a referee, with instructions to hear, try, and determine. Apparently, however, all of the parties and the circuit judge construed this order in a manner which required the submission of the issues to a jury. We therefore, for the purpose of this case and under the circumstances herein detailed, do adopt and ratify such version, to the same effect as though the order had expressly required the submission of the issues of fact to a jury.

Upon the rendition of the verdict the plaintiff made a motion to set aside the answers of the jury to the first two questions of the special verdict, so that the answer to the first question should read "Yes" instead of "No," and that there be substituted in place of the sum of $990, the answer to the second question, the sum of $1,530, which motion of the plaintiff was denied. The record, including the verdict, was thereupon transmitted to this court in accordance with the provisions of sec. 285.03 of the Statutes.

The lower court held that it had power to change the answers of the jury in a proper case, but refused to do so in the instant case. It appears quite clearly from the provisions

of sec. 285.03 of the Statutes that when the verdict is rendered it becomes incumbent upon the lower court to transmit the same, together with the other papers, to this court, and that thereupon this court may enter judgment, etc., as is provided for in said section.

The jury's answer to the first question of the special verdict cannot be disturbed, for the reason that Mr. Canright, who represented the blue sky division of the railroad commission, had no authority to enter into the alleged contract. Sub. (h) of sec. 1797—1, Statutes of 1921, authorizes the railroad commission to appoint and employ a sufficient number of clerks and stenographers to perform the clerical work of the office, and authorizes it also to employ such experts, etc., as may be necessary to perform any service it may require of them. Sub. 4 of sec. 1753—51, Statutes of 1921 (secs. 1753—1 to 1753—69 constitute the blue sky law), authorizes the railroad commission to appoint agents to make such investigations and hold such hearings, with like powers as agents appointed pursuant to the provisions of sec. 1797$m$—41. Said sub. 4 further provides:

"Each of the commissioners for the purposes mentioned in sections 1753—48 to 1753—68, inclusive, shall have the power to administer oaths, certify to official acts, issue subpœnas, compel the attendance of witnesses and the production of papers, books, accounts, documents and testimony. . . ."

Sec. 1797$m$—41, Statutes of 1921, provides in part as follows:

"1. For the purpose of making any investigation with regard to any public utility the commission shall have power to appoint, by an order in writing, an agent whose duties shall be prescribed in such order.

"2. In the discharge of his duties such agent shall have every power whatsoever of an inquisitorial nature granted in this act to the commission and the same powers as a court commissioner with regard to the taking of depositions; and

all powers granted by law to a court commissioner relative to depositions are hereby granted to such agent."

It thus conclusively appears that the power to enter into a contract like the one here in question is vested solely in the commission, or possibly in the secretary of the commission.

Viewing, however, the answer of the jury to the first question of the special verdict from the standpoint of the evidence, we are satisfied that a jury issue was presented.

By the second question of the special verdict the jury was required to determine the reasonable value of plaintiff's services. The State having accepted the services of the plaintiff, under the facts herein is bound to pay for the reasonable value thereof. The jury's answer to the second question is based solely upon the testimony of Harry Manzer. His testimony appears to us as plausible and rather persuasive. He differentiates in the rate per folio for copies in cases where there are comparatively few copies required and those where the number is large, as in the instant case. Certainly it cannot be said that Manzer's testimony is not credible, even though it differs in one respect from the uniform and unanimous testimony of the experts as to what is ordinarily and customarily deemed a reasonable charge. We know that from an economic standpoint prices are generally shaded upon large-quantity productions. Under these circumstances, we feel that it is incumbent upon us to permit the answer of the jury to the second question of the special verdict to stand.

Plaintiff's counsel urge that the plaintiff is entitled to interest in this case. The statutes, however, do not authorize the payment of interest. The State could not even be sued, in the absence of an express provision in that behalf. Such authority, however, having been granted by the legislature by ch. 285 of the Statutes, the extent of the recovery is limited by what is authorized by such chapter, there being no contract for the payment of interest. *Schlesinger*

*v. State, ante,* p. 381, 223 N. W. 856, decided herewith. Sec. 285.04 of the Statutes authorizes the recovery of costs.

*By the Court.*—It is therefore ordered and adjudged that the plaintiff have and recover from the defendant the sum of $990, less $600 already paid, viz. the sum of $390, together with his costs herein.