Stewart, J.
Respondent maintains that there are four questions involved in the consideration of the present case:
1. Whether mandamus is a proper remedy for a taxpayer who seeks the payment of interest on a refund of sales taxes illegally or erroneously paid.
2. Whether a taxpayer is entitled to the payment of interest on a refund of sales taxes illegally or erroneously paid.
3. Whether a taxpayer may seek the payment of interest on a refund of sales taxes illegally or erroneously paid in ah independent action after the refund has been paid to the taxpayer.
4. Whether the 90-day period of time within which an application for refund of sales taxes illegally or erroneously paid must be filed is applicable to a claim for interest on such refund.
In view of the conclusion to which we have come on the second question, it will be unnecessary for us to consider the others.
The petition in this case does not allege that the sales taxes paid by relator, which were determined by this court to have been illegally or erroneously paid, were paid by relator under protest, or otherwise than purely voluntarily.
Relator recovered the illegal or erroneous payments by a proceeding under Section 5546-8, General Code (Section 5739.07, Revised Code), which reads in part as follows:
“The Treasurer of State shall redeem and pay for any unused or spoiled tax receipts at the net value thereof, and he shall refund to vendors the amount of *34 taxes illegally or erroneously paid or paid on any illegal or erroneous assessment where the vendor has not reimbursed himself from the consumer. * * * In all cases an application shall be filed with the commission [commissioner] on the form prescribed by it and must be filed within a period of 90 days from the date the tax receipts are spoiled, or from the date it is ascertained that the assessment or payment was illegal or erroneous.”
In this statute there is no provision for the payment of any interest on the refund of sales taxes illegally or erroneously assessed and paid, and the petition herein does not' show that any claim or demand for interest was made by relator in its proceeding to recover its refund until after the check for such refund had been received by it.
The courts of the country are divided on the proposition that on general principles interest may not be allowed on tax refunds, in the absence of any statute authorizing such an allowance.
In 57 A. L. R., 357, it is stated:
“While there has been much confusion as to this point, and the cases cannot always be reconciled, the weight of authority appears to be that interest may be allowed upon tax refunds on general principles, even in the absence of any statute authorizing such an allowance.”
However, in the case of Schlesinger v. State, 195 Wis., 366, 218 N. W., 440, the Supreme Court of Wisconsin stated:
“While the overwhelming weight of authority sustains the rule that interest cannot be allowed upon taxes that were illegally collected, in the absence of a statute providing for interest, there are few jurisdictions where the contrary rule has been adopted.”
It is stated also in that case:
“The great weight of authority on this question *35 supports the rule established by the Supreme Court of the United States and by the English Court of Appeals that ‘interest, when not stipulated for by contract, or authorized by statute * * * is not to be awarded against a sovereign government, unless its consent to pay interest has been manifested by an act of its legislature, or by a lawful contract of its executive officers * * *’ Sir George Jessel, Master of the Rolls, speaking for the Court of Appeals, summed up the law of England in this short judgment: ‘ There is no ground for charging the Crown with interest. Interest is only payable by statute or by contract.’ ”
Upon further hearing of the Schlesinger case, 198 Wis., 381, 223 N. W., 856 (amended complaints having been filed by permission), it was pointed out, in again holding that no interest was recoverable, that the taxes in question were paid voluntarily, and that the remedy provided by the inheritance tax law for the recovery of such taxes was exclusive.
Upon authority of the Schlesinger case, the disallowance of any interest on a tax refund was affirmed in the case of Commonwealth v. Safe Deposit & Trust Co., 155 Va., 458, 155 S. E., 897. See, also, Coleman, Aud., v. Reamer’s Exr., 237 Ky., 603, 36 S. W. (2d), 22; Monarch Mills v. South Carolina Tax Commission, 149 S. C., 219, 146 S. E., 870; Kittredge v. Boyd, Treas., 137 Kan., 241, 20 P. (2d), 811; and New England Mut. Life Ins. Co. v. Reece, Commr., 169 Tenn., 84, 83 S. W. (2d), 238.
Since Section 5546-8, General Code (Section 5739.07, Revised Code), furnishes the means to obtain a refund of sales taxes illegally or erroneously paid, and since relator obtained its refund by proceeding under this enactment, it is entitled only to the rights granted by it.
Although the question presented in the present case has not heretofore been determined by this court, a question somewhat analogous was decided in Indus *36 trial Commission v. Hibbs, and Stricker v. Industrial Commission, 114 Ohio St., 607, 151 N. E., 769.
In those cases there was a denial by the Industrial Commission bf the right of Hibbs and Strieker to continue to participate in the State Insurance Fund, and upon appeals to the Court of Common Pleas Hibbs and Strieker each recovered a verdict against the commission, upon which judgment was entered.
Upon appeal, the Hibbs judgment was affirmed by the Court of Appeals and the Strieker judgment was reversed.
Upon appeal to this court the judgment in Hibbs’ case was affirmed and the judgment in Strieker’s case was reversed, so that it was found that both Hibbs and Strieker were entitled to participate in the State Insurance Fund.
Upon rehearing of the cases on the question whether the claimants were entitled to interest provided for in the judgment entry in each of the cases, this court said:
“Upon consideration of said applications, the court has reached the conclusion that there is no authority of law for the Industrial Commission to pay interest on deferred payments of awards made by it. The Industrial Commission is a part of the executive department of the state government and its powers are limited by constitutional and statutory enactment. Until the Legislature has seen fit to make provision for the allowance of interest, we are of opinion that no such right exists. It follows, therefore, that this claim for interest upon the judgments rendered in these cases must be denied, and with this modification the former judgments are adhered to.”
It will be seen that interest on deferred payments of awards made by the Industrial Commission, where it is finally determined that the payments were illegally deferred, is not allowable in the absence of a legisla *37 ti ve enactment making provision for such allowance, for the reason that the Industrial Commission is a part of the state government and its powers are limited by constitutional and statutory enactment. Assuredly, the Tax Commissioner and the Department of Taxation are parts of the state government and their powers are limited by constitutional and statutory enactment.
Since a recovery against the state for sales taxes illegally or erroneously assessed and paid can be had only by virtue of the legislative enactment authorizing such recovery, the recovery is limited by the provisions of the statute and cannot be extended beyond those provisions. Since the enactment in Ohio does not provide for the payment of interest on a refund of such taxes, since relator received full recovery of taxes illegally or erroneously assessed and paid, that being the full limit of its recovery under Section 5546-8, General Code (Section 5739.07, Revised Code), and since there is no provision for the payment of interest on the amount recovered, relator is not entitled to recover such interest.
The demurrer to relator’s petition is sustained, and the writ is denied.

Writ denied.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Lamneck, JJ., concur.